HANNAH F. BELCHER, pet'r for mandamus, *vs.* UPTON TREAT.

*Mandamus—when it issues. Trial justice—adjournment by, under R. S., c.* 83, § 12.

The writ of mandamus is not a writ of right, but is issuable at the discretion of the court when equity requires it.

Parol evidence is receivable to show that the writ should not issue.

When a trial justice is unable to attend at the time and place appointed for trial, the continuance by another trial justice or any justice of the peace and quorum as provided by R. S., c. 83, § 12, must be within and not without the office appointed as the place of trial.

PETITION FOR MANDAMUS.

Hannah F. Belcher of Winterport applies to this court for a writ of mandamus to issue to Upton Treat, Esq., one of the trial

justices of Waldo county, commanding him to make out and deliver to her an execution in her favor against one Sewall Simpson, and Eli C. West, as Simpson's trustee, upon a judgment which she claims to have recovered under these circumstances, as stated by her in her petition. On the second day of June, 1873, Sewall Simpson was indebted to her for house-rent in the sum of $13.98, and fifty-six cents interest accrued on the debt; she then sued him therefor by a writ signed by Mr. Treat, as trial justice, and returnable before him at his office in Frankfort on the fifth day of July, 1873; due service was made, and on the day last-named, at the appointed hour, her attorney carried the writ to Mr. Treat's office-door, which he found closed and fastened, and learned that Mr. T. was out of town with the key; thereupon the attorney immediately procured Elisha Chick, Esq., of Winterport (a town. adjoining Frankfort), a trial justice of the same county, to go to Mr. Treat's office-door with the writ and remain there till eleven o'clock in the forenoon, Simpson also appearing at the door, but Mr. Treat did not return; therefore Mr. Chick, claiming to act under R. S., c. 83, § 12, adjourned the cause to July 12, 1873, at 3 P. M., and noted the facts upon the writ and on his own docket. At the day and hour to which the adjournment was had the action was entered by Mr. Treat and a default recorded against the principal defendant and the trustee, both of whom failed to appear, and costs were awarded the plaintiff, taxed and entered of record by the justice. After the lapse of twenty-four hours Mrs. Belcher's attorney called on Mr. Treat for her execution which he refused to issue, has persisted ever since in refusing to do so, and this application was for a writ of mandamus to compel compliance with this request. It appeared by the deposition of Sewall Simpson that he owed the $13.98 rent as claimed; that Mrs. Belcher owed him two dollars and sixty-two cents; and that, between the time of the service of the writ upon him and its return day, he had paid her the balance of $11.36 due her, but that she declined to give any receipt for it. The petitioner contended that this deposition was not legally admissible, because tending to contradict

the justice's record; but did not attempt to controvert the facts alleged therein; claiming, however, that, at all events, the interest and costs were still unpaid. Mr. Simpson further testified that, though he went to Mr. Treat's office-door and saw Messrs. Chick and Vose there, the latter having a paper in his hand, nothing was said to him (S.) about any adjournment of the case nor did he know aught about it till told by Mr. Treat that judgment had been entered in Mrs. Belcher's favor against him and West, as his trustee.

*T. W. Vose*, for petitioner.

*N. H. Hubbard*, for respondent.

APPLETON, C. J. This is a petition for a writ of mandamus against the defendant, a trial justice in and for the county of Waldo, in which the petitioner prays that he may be commanded to issue a writ of execution in her favor and against one Sewall Simpson and Eli C. West, as his trustee.

It has been repeatedly held that when a justice of the peace before whom an action is returnable does not appear at the place, and within a reasonable time after the hour appointed, his failure so to appear amounts to a discontinuance of the suit. *McCarthy* v. *Johnson*, 11 Johns. 407; *Martin* v. *Fales*, 18 Maine, 23; *Stanton* v. *Hatch*, 52 Maine, 245.

To remedy the inconvenience which might result from the absence of the magistrate it is provided by R. S., c. 83, § 12, "when a trial justice is unable to attend at the time and place appointed by him for the trial of any suit already entered, or at which any writ is returnable before him, any other trial justice, who might legally try the same, or any justice of the peace and quorum residing in the same or an adjoining town, may attend and continue such action once, to a day certain, not exceeding thirty days, and note the fact on the writ and in his own docket; and if the inability is not removed at that time, such action at the time and place fixed in the continuance, may be entered before and

tried by some other trial justice of the same town; or if none such resides therein, then before some other trial justice of the same county," etc.

At the time when and the place where the writ is returnable, the trial justice, by whom it was issued, should be present. If from any cause, he is unavoidably absent the office should be left open, if the case is to be continued by any other justice. The defendant is not summoned to be present at any other place any more than at any other time. If the justice, before whom the writ is returnable, should undertake to order a continuance at any other time than that to which the writ is returnable, or to which the cause may stand adjourned, it would operate as a discontinuance. *Spencer* v. *Perry*, 17 Maine, 413. In *Chamberlain* v. *Dover*, 13 Maine, 466, it was held that there could not be a legal town-meeting, unless it be originally held in the place appointed in the warrant for calling it. In that case the meeting was held in the open air near the school-house where it was notified to be held. " In the case before us the meeting called," remarks Weston, C. J., " was never held at the place appointed. It was to be at the school-house, which must be understood to mean within its walls." So here the adjournment should have been at the place where the defendant had been summoned to appear; that is at the office, within and not without it. The justice of the peace, who was called in to preserve jurisdiction could not do what was not in the power of the magistrate, before whom the writ was returnable. He could no more continue at a different place than at a different time, from that to which the writ was returnable. The defendant was not summoned to appear at the office door, any more than at the window of the office, or at any point of space in the street and adjoining the office.

The magistrate is " to attend." Where? At the place where the defendant is summoned to appear, and not elsewhere. If the the case is to be tried by another justice it is at the time and place fixed in the continuance. The time is fixed, the place is fixed and the same rule that applies to the one is equally applicable to the other.

In *Knight* v. *Berry*, 22 Vermont, 246, it was held sufficient for the magistrate, by whom the action is continued, to appear at the door. But if sufficient for him, it must be equally so for the party. It would, however, hardly be held that a party who went to the door, but did not enter the office, had appeared at the place of trial.

The writ of mandamus is not a writ of right. It is issuable at the discretion of the court and when equity requires it. Parol evidence, therefore, is admissible to show it ought not to issue. In the present case, before the return of the writ, it appears from the evidence of Sewall Simpson that he paid the petitioner the debt for which the suit was brought; that he asked for a receipt for the amount paid, which the petitioner declining to give, he then demanded the money which the petitioner refused to return and still retains. The petitioner claims there is due fifty-six cents for interest on the amount, and costs, but there is no evidence that interest was claimed, or that at the time the suit was brought the petitioner was entitled to interest. If the debt has been paid the plaintiff could not recover her costs.

We do not think sufficient cause exists for issuing the writ as prayed for. *Writ denied. Costs for defendant.*

CUTTING, WALTON, DICKERSON, BARROWS, DANFORTH, and PETERS, JJ., concurred.