## In re Contested Election of Gilleland.

1. Where officers for the same office are to be chosen for different terms, the ballots must specify the term for each person for whom they are cast.

2. In an election in which four school directors were to be elected in a ward, two for the term of three years, one for two years and one for one year, the "stickers" on certain tickets did not specify the term for which the candidate was voted for, nor did they by their position on the ticket designate the same. *Held*, that they could not be counted.

November 11th 1880. Before Sharswood, C. J., Mercur, Gordon, Paxson, Trunkey, Sterrett and Green, JJ.

Certiorari to the Court of Quarter Sessions of *Allegheny county*: Of October and November Term 1880. No. 149.

Appeal of John A. Gilleland from the decree of the court in the matter of the contest of the election of said Gilleland, as school director of the school district of the Fifth Ward of the city of Allegheny. The facts are stated in the following opinion of White, A. L. J.

"The report of the examiner shows that the votes cast in the different precincts for school director for the term of three years, undisputed, were:—

| | | | | | |
|---|---|---|---|---|---|
| 1st precinct, | J. A. Gilleland, | 105 | A. Ammon, | 77 |
| 2d " | " | 89 | " | 73 |
| 3d " | " | 92 | " | 69 |
| 4th " | " | 62 | " | 101 |
| | | 348 | | 320 |

The report also shows there were voted quite a number of ballots scratched and with stickers. All of these should be excluded, except the ballots marked in the exhibits as "B" and "J." The ballot exhibit "J" was complete, but the name of "A. Ammon, three years," was erased, and the name "John Gilliland" written opposite to it. We think that should be omitted. There were two of these in the first precinct and one in the fourth precinct, which will add three votes to Gilleland, making his total vote 351.

The ballot exhibit "B" was full and complete, except that "A. Ammon" was pasted over B. F. Brown, the second name on the ticket for school director for three years. The ticket then stood:—

SCHOOL DIRECTORS:

| | |
|---|---|
| J. A. Gilleland, . . . . | Three years. |
| Adam Ammon, . . . . . | |
| John A. Slagle, . . . . | Two years. |
| J. W. Bell, M. D., . . . . | One year. |

As two persons were to be elected for three years, one for two years, and one for one year, it is fair to presume that A. Ammon

[In re Contested Election of Gilleland.]

was voted for the three year term, as that completed the ticket. This presumption is strengthened and demonstrated in fact, by the name occurring just after the name of J. A. Gilleland and pasted over a three year name. When it is reasonably certain what the votes meant, the court should give effect to the ballot. These votes, we think, should therefore be counted. .

Of these ballots there were six in the first precinct, twenty-four in the third, and three in the fourth, making in all thirty-three; these added to Ammon's vote as above, would make his total 353, being two more than Gilleland's, and, of course, elect him.

The exceptions to the report of the examiner do not affect this controversy, because, if true, they would not change the result. They are therefore dismissed.

And now, May 11th 1880, after hearing the parties, their proofs and allegations and arguments of counsel, and after full consideration thereof, it is adjudged and decreed that Adam Ammon was duly elected a school director in the Fifth ward, Allegheny city, at the election held on the 17th February 1880, for the term of three years, instead of J. A. Gilleland, to whom a certificate of election was given, and that said John A. Gilleland was not elected. The costs to be paid by the school board."

Gilleland took this appeal and alleged that the court erred:—

1. In assuming that the ballots cast for A. Ammon specifying no years or term for which he was voted, were intended to be voted for him for the three year term, there being no evidence to support this assumption.

2. In assuming that the name of A. Ammon in Exhibit " B " was pasted over " B. F. Brown," the second name on the ticket for school director for three years, there being no evidence offered that such was the fact.

3. In adjudging and decreeing that Adam Ammon was duly elected for school director of the Fifth ward, Allegheny, for the term of three years, and that John A. Gilleland 'to whom a certificate was issued) was not elected.

*Schoyer & McGill*, for appellant.—The name of a person voted for and designation of the office for which he is voted should be printed or written upon the ballots: Act July 2d 1839, sect. 70, Purd. Dig., p. 547, pl. 36 ; Id. sect. 75, p. 551, pl. 59 ; Id. sect. 75, p. 552, pl. 62 ; Act March 30th 1866, sect. 1, p. 547, pl. 40. And as this is a matter within the control of the elector, the law requiring it is mandatory, and should be strictly construed : Kerk *v.* Rhodes, Supreme Court Cal., October Term 1873. So where a candidate is voted for by the initials only of his Christian name, the surname being correct, parol evidence is admissible to apply the ballot to the candidate for whom it was intended ; but in the absence of evidence, such ballots must be rejected : Opinion of the

15 Norris—15

[In re Contested Election of Gilleland.]

Justices, 64 Maine Rep. 596; People *v.* Tisdale, 1 Doug. (Mich.) 59; Carpenter *v.* Ely, 4 Wis. 420. (See Brightly's Election Cases, p. 258.) People *v.* Sarman, 5 Denio 409; State *v.* Willoughby, 43 Conn. 533; State of Nebraska *v.* Griffey, 5 Neb. 161; Brightly's Election Cases 267. And a ballot voted at a legal election without designating the office voted for is illegal and void: Nebraska *v.* Griffey, *supra.* The second section of the Act of April 11th 1862, Purd. Dig., p. 240, pl. 27, enacts, * * * "If vacancies are to be filled at any election of (school) director, in addition to the persons to be elected for the regular term, and the voters shall all neglect to designate on their tickets the terms of office for which each person voted for is a candidate, then the person or persons having the highest number of votes shall be declared elected for the longest term or terms; the next highest in vote, after the filling of the longest term shall be declared elected for the next longest term, and so on, till all the terms vacant shall be filled."

It is a fair inference from this section of the Act of April 11th 1862, that the legislature intended that at any given election to fill vacancies, those ballots which designate the term of office for which the school director is voted, shall be counted, and those which do not contain such designation shall be rejected; and that in only one case shall such imperfect ballots be counted, viz.: where all the voters have been negligent, and none of the ballots voted designate the term of office. Our Supreme Court has lately decided (Milligan's Appeal, *ante*, p. 222), "that where several incumbents are to be chosen to hold the same office for different terms, ballots which do not specify for which of the terms they are intended, should be rejected." In contests of this nature the inquiry is not what the voter intended, but what intention he had expressed by his written or printed ballot: People *v.* Tisdale, *supra;* Milligan's Appeal, *supra.*

*C. S. Fetterman,* for appellee.—The cases cited by the appellant do not affect this case. In Milligan's Appeal, *supra*, there was nothing whatever to indicate for which of the terms the disputed ballots were intended. Here all the ballots fairly indicate on their face the term for which they were intended. And this fact is also conceded by appellant. Why, then, should Mr. Ammon not have the benefit of them?

In The People *v.* Love, 63 Barb. (N. Y.) 535, the court say that: "The placing of a paster containing one name over another name, indicates an intention to substitute one name for another. If it be placed over another name which is under the title of office, it indicates an intention to substitute for that office the name upon the 'paster.'"

In McCrary on Elections 311, the same doctrine is laid down, and The People *v.* Love, *supra*, approved.

(See preceding case of Milligan's Appeal, *ante*, p. 222.—Rep.)

[In re Contested Election of Gilleland.]

Mr. Justice MERCUR delivered the opinion of the court, January 3d 1881.

At an election of school directors, held in the Fifth ward of the city of Allegheny, four directors were. to be chosen, namely, two for the term of three years, one for two years, and one for one year. The tickets voted generally contained the names of four persons, and opposite each the number of years, whether one, two, or three. In some cases a person was voted for without anything opposite his name indicating whether it was for a term of one, two, or three years. In other cases there were less than four names on the ticket. Of the ballots cast, stating three years opposite their names, Gilleland received more than Ammon. Thirty-three tickets with "stickers" thereon were voted, with the name of Ammon thereon. They were so pasted over the name of a candidate printed on the ticket as to cover his name, and also the length of the term designated. On some other tickets Ammon's name was so pasted as to cover two names and the designated term opposite each. On a few ballots Ammon's name was found without a sticker and without any indication of the length of term opposite thereto.

As Ammon's thirty-three "stickers" were pasted over the name of a person designated for a term of three years, and, although both name and term were covered and concealed, the court decided they should be counted as ballots for Ammon and for the term of three years, and thereupon decreed that Ammon was duly elected for the term of three years and that Gilleland was not elected. This presents the alleged errors.

The second section of the Act of 11th of April, 1862, Pamph. L. 471, is not applicable to this case. It provides only for cases in which the voters have all neglected to designate on their tickets the term of office for which each person voted for is a candidate—such was not this case. Here most of the ballots clearly stated on their face the term for which each candidate was intended.

It was agreed before the commissioner appointed to take testimony that the ballots cast for the term of one and two years should be omitted from his report, excepting such as bear on the contest between Ammon and Gilleland for the term of three years. We understand this to mean that votes cast for either of them for a term of one or two years should not be counted on their term of three years, but might be considered in determining how many votes were cast for each for the term of three years. If any votes were cast for Ammon for either one or two years, it lessens the probability that the thirty-three votes were all intended for three years. If other ballots were cast for him for a less term than three years these might so have been intended. Certain it is several votes not "stickers" were cast for him without designating any term. On some ballots he was the only director voted for and no term was specified. It may be conceded, if the sticker had been pasted over

[In re Contested Election of Gilleland.]

the name only of another candidate, leaving visible the designated term opposite, that term would apply to the name on the sticker; but we cannot draw any such inference when the term is also covered. The effect of covering the name and term is the same as if they were both entirely erased. That which is pasted over is all that is visible to the eye of the officers of the election. They have no authority to remove the "sticker" and to decide that one part beneath is inoperative and another part remains in full force. We agree with the authorities cited that placing a paster containing one name over another name, indicates an intention to substitute one name for another; and if it be placed over another name which is under the title of office, it indicates an intention to substitute for that office the name on the paster. In such case the name of the person voted for and the term are both clearly shown on the ballot. There is no room for doubt. The ballot shall be adjudged to be just what its face declared. Apply that rule to the present case. The ticket was headed "school directors." Under that title of office was found the name of Ammon. Those tickets were undoubtedly intended to be votes for him as school director; but they stopped there. The electors voting them did not designate any specific term. For the court to determine the length of term intended by the persons casting these votes would be based on mere conjecture. It is just as uncertain as if everything printed on that line had been obliterated and Ammon's "sticker" been pasted at the bottom of the ticket and no term written opposite. The intention of the voter as a general rule must be expressed by his written or printed ballot. It is true some inaccuracies in the name of a candidate, or in the manner of spelling it, may be proved by parol to give effect to the intention of the elector. That is not this case. Here the attempt is by mere inference to create a term which the voter did not attempt to declare. Where officers for the same office are to be chosen for different terms the ballots must specify the term for each person voted for, unless the case comes under the Act of 11th April, 1862, *supra;* Milligan's Appeal, *ante,* p. 222. The learned judge therefore erred in counting the thirty-three votes for Adam Ammon, and in decreeing that he was duly elected a school director in the Fifth ward of Allegheny city at the election held on the 17th of February 1880, for the term of three years instead of John A. Gilleland, to whom a certificate of election was given, and that said Gilleland was not elected.

> Decree reversed, and it is ordered that the petition be dismissed, and that John A. Gilleland be reinstated in his said office for the term of three years according to the certificate of election given to him.