# Milligan's Appeal.

At a municipal election where two councilmen were to be chosen for different terms, certain ballots were cast which did not specify for which of the terms they were intended. *Held*, that the ballots were properly rejected.

January 12th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and GREEN, JJ. STERRETT, J.; absent.

Appeal from the decree of the Court of Quarter Sessions of *Philadelphia county :* Of January Term 1878, No. 185.

Appeal of S. P. Milligan from the decree of the court setting aside the return of said Milligan as councilman from the Thirty-first ward of the city of Philadelphia, and adjudging that one S. A. Miller was the duly elected candidate.

The petition of J. Rieber and others, citizens and qualified electors of said ward, set forth that at the municipal election held February 20th 1877, the electors of said ward were entitled to vote for two members of Common Council, one to serve for two years from the first Monday of April 1877, and one to serve from the first Monday of January 1878, to the first Monday of April 1880; that the election officers of said ward had returned that S. P. Milligan had been chosen at said election to serve for the term commencing April 1877, and that said return was false, fraudulent and untrue in that, inter alia, certain tickets had been counted for the respondent, Milligan, which did not specify for what term they were cast.

[Milligan's Appeal.]

The answer of the respondent denied the facts as set forth, and asserted that no specification of the term of office was necessary, as the election was for members of Common Council for the regular and full terms of office.

In an opinion of the court, Briggs, A. L. J., inter alia, said: "The evidence before us shows that there were cast for the said Samuel P. Milligan, for the term commencing on the first Monday of April 1877, 1170 votes; for the term commencing April 1877, 164 votes; without designating any term, 238 votes; for Samuel Miller, for the term commencing April 1877, 1574 votes.

" If we discount the 238 votes cast for Milligan without designating for which of said terms they were cast, Miller has undoubtedly been elected.

" But the respondent contends that these ballots should be counted as if. cast for the term commencing the first Monday of April 1877, and not as for the term commencing the first Monday of January 1878, and by so counting them they would elect the respondent; this is true; but how can we ascertain for which term they were cast, in the absence of designation or proof? · It assuredly will not do for us to guess. The voter should so express his intention as to leave no doubt, when two persons are elected at the same time to like offices, but for different terms, for which term he casts his ballot. The omission is his, and he should not complain if from the impossibility of ascertaining his intention, his ballot be rejected."

A decree was entered in favor of the contestants, when Milligan took this appeal and alleged that the court erred, inter alia, in the above action, and (seventh assignment) in rejecting the 238 votes cast for him without designation of the term.

*E. R. Worrall* and *Henry C. Hawkins*, for appellant.—It is clear that the respondent received more votes than the contestant, and the only question is whether certain citizens are to be deprived of their votes because they neglected to specify on their ballots for which term they were intended.

*J. A. Simpson, contra.*

(See succeeding case, In re Contested Election of Gilleland, page 224.—REP.)

The judgment of the Supreme Court was entered January 26th 1880,

PER CURIAM.—We find no error in this record. The seventh assignment of error, on which alone reliance was placed in the argument, is not sustained. The action of the court in rejecting the votes cast for Milligan for the office without designation of the term, we think was clearly right.

Proceedings affirmed.