BRAND v. COMMON COUNCIL OF NOME.

(Second Division.   Nome.   March 22, 1906.)

No. 1,476.

1. Schools and School Districts (§ 53*)—Officers—Election—
Mandamus.

The common council of the town of Nome called an election for
Tuesday, April 11, 1905, "whereat three members of the school
board will be elected for the ensuing year." The ballots merely
instructed the voter to place a cross opposite the name of the
candidate or candidates voted for. The town ordinance under
which the election was called provided for an annual election,
and that "the members of said board shall hold their office for
the term of one year and until their successors are elected and
qualified." The act of Congress provided for the election of "a
director, a treasurer, and a clerk," the first three elected to hold
office for one, two, and three years, respectively, and until their
successors are elected and qualified. Upon application for man-
damus to compel the council to hold an election in 'accordance
with law, *held*, the council should call an election to elect a di-
rector, a treasurer, and a clerk, specifying whether the officer
voted for shall hold office for one, two, or three years, that the
former election, omitting these requisites, was void for noncom-
pliance with the statute, and peremptory mandamus issued.

[Ed. Note.—For other cases, see Schools and School Districts,
Dec. Dig. § 53.*]

2. Mandamus (§ 23*)—Right of Private Citizen and Taxpayer—
Election—Schools.

Mandamus will lie at the suit of a private citizen and taxpayer
as relator, where the object of the writ is to enforce the per-
formance of a public duty on the part of public officers.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 55–
58; Dec. Dig. § 23.*]

3. Elections (§ 293*)—Contest—Evidence—School Election.

Parol evidence is inadmissible to show whom the electors at a
school election meant by their ballots to hold the several terms

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

of school officers of different lengths. The ballot must fully express the intention of the voter, and resort cannot be had to parol evidence to show an intention not so expressed on the face of the ballot.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 293; Dec. Dig. § 293.*]

4. STATUTES (§ 206*)—CONSTRUCTION.

It is a cardinal rule of interpretation that every provision or clause of a statute should, if possible, be given effect.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 283; Dec. Dig. § 206.*]

5. SCHOOLS AND SCHOOL DISTRICTS (§ 53*)—SCHOOL OFFICERS—ELECTION.

It is the duty of town councils in incorporated towns in Alaska to give the voters, in school districts embracing such towns, an opportunity, in accordance with the statute, to give an expression of their will by designating on their ballots the term of office to be held by each of the three candidates for members of the school board.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 53.*]

Petition for a peremptory writ of mandamus to compel the common council of the town of Nome to provide for and conduct, or cause to be conducted, an election according to law of a school board of three members for the Nome school district, consisting of a director, a treasurer, and a clerk, to hold office one, two, and three years, respectively, and to afford the electors of said district at such election the opportunity to express by vote their choice of members of said board who shall hold each of said terms. Upon the hearing of the order to show cause why the writ of peremptory mandamus shall not issue, the peremptory mandamus was granted.

The facts, which by the pleadings are put beyond dispute in this proceeding, are contained in the following summary:

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

The plaintiff is a citizen of the United States, an elector of the Nome school district, and a taxpayer of the town of Nome. The town of Nome has been since 1901 a municipal corporation duly organized under the provisions of chapter 21 of the act of Congress approved June 6, 1900 (31 Stat. 520, c. 786), entitled "an act making further provisions for civil government for Alaska and for other purposes," and acts amendatory thereof and supplemental thereto, and the defendants are duly elected and legally qualified to exercise the functions of the common council of said town. On the 15th day of August, 1904, the common council enacted an ordinance creating the Nome school district and establishing the boundaries thereof. By this ordinance the boundaries of the school district were made coextensive with the limits of the town of Nome. Thereafter, on the 3d day of April, 1905, in obedience to the requirements of an act of Congress approved January 27, 1905 (33 Stat. 616, c. 277), and entitled "an act to provide for the construction and maintenance of roads, the establishment and maintenance of schools and the care and support of insane persons in the district of Alaska and for other purposes," and of a supplement thereto enacted March 3, 1905, the defendants enacted and put in force an ordinance designated as "Ordinance No. 161," in these words:

"There shall be an annual school board election in the Nome school district on April 11, 1905, and on the second Tuesday of April each year thereafter, for the purpose of electing by the qualified electors of said school district a school board of three members, consisting of a director, a treasurer and a clerk, who shall organize as such immediately after election and qualification, and report such organization at the next meeting of the common council of said city. The members of said board shall hold their office for the term of one year, and until their successors are elected and qualified."

By this ordinance the defendants provided that at the school board election held in April, 1905, a form of ballot prepared

by the city clerk, and no other form, should be used by the electors. Following the enactment of said ordinance the defendants issued a call for such election by public notice in words and figures as follows:

"Notice of School Board Election.

"Public notice is hereby given that the annual school board election of Nome school district, Alaska, will take place on Tuesday, April 11, 1905, whereat three members of the school board will be elected for the ensuing year. The place of voting will be at the Seward school building in said school district, and the polls will be open at 9 o'clock a. m. and will close at 9 o'clock p. m.

"Anthony McGettigan, City Clerk."

The form of ballot used at the election, pursuant to said ordinance, on the 11th day of April, 1905, was in words and appearance as follows:

Annual School Board Election of Nome School District, Alaska.

April 11, 1905.

Official Ballot.

| | For School Board. | | Place an X in the space at the right of the name of the candidate or candidates you desire to vote for. |
|---|---|---|---|
| Vote for three. | Baldwin, E. T. <br> Cannon, E. G. <br> Cordon, Miss Kitty, <br> Jeffreys, S. T. <br> Sawyer, L. L. <br> Story, Harry, <br> Trout, Peter, <br> Wright, J. W. | | |

No other form of ballot was used at the said election, and the electors were given no opportunity to vote their choice of any member of said school board to hold a longer term than one year, nor to designate whom they desired to serve a longer time than one year. Sixteen hundred and thirty votes were

cast for the various candidates; E. T. Baldwin receiving 854 votes, J. W. Wright, 759 votes, S. T. Jeffreys, 640 votes. The council issued certificates of election to Baldwin, declaring him elected for the term of three years, Wright for the term of two years, and Jeffreys, for the term of one year.

The plaintiff alleges that the council have made no provision for the calling or conducting of an election for a school board of three members, consisting of a director, a treasurer, and a clerk, to hold office one, two, and three years, respectively, pursuant to the said act of Congress of January 27, 1905, and its supplement, and does not intend to do so in the future, but intends to call and conduct an election for only one member of said school board annually. This allegation is admitted by defendants to be true.

The plaintiff alleges, finally, that by reason of the action, neglect, and refusal on the part of the defendants complained of the electors of said Nome school district have been, are, and will be deprived of exercising their lawful right to choose said board constituted as aforesaid for the term mentioned, and that there is no plain, speedy, and adequate remedy at law.

The defendants contend, by their return to the order to show cause why the peremptory mandamus prayed for should not be granted, that the acts of the council in enacting the ordinance prescribing the form of ballot, publishing the call for the election, and in conducting the election and issuing certificates of election for the longer terms of two and three years, and their refusal to give the voters of the school district an opportunity to express their choice for a board constituted as aforesaid, and for members to serve for the terms of one, two, and three years, respectively, was in accordance with law and not in violation of their official duty.

John Rustgard, for petitioner.

George D. Schofield and S. T. Jeffreys, for respondent.

3 A.R.—3

MOORE, District Judge, after making the foregoing statement of facts, rendered the following opinion:

It must be conceded that the election of members of the school board in April, 1905, was fair and honest, and that the will of the sovereign people was expressed so far as the electors by the ballots put in their hands were given opportunity to signify their will. On that occasion the town council of Nome sought to observe all the forms prescribed by the law to evoke an expression of the popular will. That they failed to obey the spirit of the statute of January 27, 1905, and its supplement, must have been discovered by them when they came to decide who of the members elect should hold the three-year term of office, who should serve the people for two years, and who for one year. The mandates of the statute, which the council made an effort to enforce by ordering the election and afterwards by declaring its results, are couched in the first 16½ lines of section 4 of the statute of January 27, 1905, in these words:

"The common council of the incorporated towns in said district shall have the power, and it shall be their duty, in their respective towns to establish school districts, to provide the same with suitable schoolhouses, and to maintain public schools therein and to provide the necessary funds for the schools; but such schools when established shall be under the supervision and control of a school board of three members, consisting of a director, a treasurer, and a clerk to be elected annually by the vote of all adults who are citizens of the United States or who have declared their intention to become such and who are residents of the school district. The members of said board first elected shall hold their offices for the term of two and three years, respectively, and until their successors are elected and qualified, and one member of such board shall be elected each year thereafter and shall hold his office for a period of three years and until his successor is elected and qualified; and they shall each, before entering upon the duties of their office, take an oath in writing to honestly and faithfully discharge the duties of their trust."

The express powers relating to the election of a school board granted by said statute to the common council of in-

corporated towns in the district of Alaska are: (1) To estab-
lish school districts; (2) to provide the same with suitable
schoolhouses; (3) to maintain public schools therein, and to
provide the necessary funds for their support. All other
powers belonging to the common councils are implied ones,
to be inferred from the language of the grant of express pow-
ers in the statute as necessary to carry out and effectuate
the express powers. Chief among their implied powers or
duties is the one of ordaining the election of a school board of
three members, publishing timely notice to the electors of the
time and place of the election, and declaring its results.

The statute declares that:

"The schools when established shall be under the supervision and
control of a school board of three members, consisting of a director,
a treasurer and a clerk."

This language is tantamount to a declaration that the pow-
ers of the supervisors and controllers of the schools shall be
exercised by a board of three members, each of equal au-
thority in governing the schools, but each to have special
functions, namely, one that of director, another that of treas-
urer, and the third that of clerk. By the term "director," in
this connection, the Legislature meant, I think, the member
who was to be the head of the board, its presiding officer.
These individual officials, so vested with powers to be exer-
cised by each in common with the others and with other du-
ties to be performed by each singly, make up or compose the
school board which I conceive the Congress had in mind in
framing the part of the section quoted. These members of
the school board the section directs shall be elected by the
vote of all adults who are citizens of the United States, or
who have declared their intention to become such, and who
are residents of the school district. The statute defines the
official tenure of the members of the board first elected, and
limits the term of office to one, two, and three years, respec-

tively, and until their successors are elected and qualified, but does not in express words make provision for determining who shall designate the particular member who shall enjoy office for these several terms. A proper construction of the entire section, therefore, must supply the authority whom the Congress meant should fix the length of each member's term. The omission of the statute to point out which member should be director, which treasurer, and which clerk, and the consequent uncertainty upon this matter, has led to the bringing of this proceeding.

That the legislative intent was that the electors should decide the special functions of the several members of the board admits of but little doubt, upon a careful survey of the entire section. This intent is brought out in clear relief when it is considered that the one clause which provides for the election of the members of the board also assigns to each member distinct duties. When the statute declares that the school board shall be made up of three members, each of special functions, besides the general powers annexed to the office, it is not reasonable to hold that the electors, in the absence of language importing a denial of the right, should be excluded from deciding the special office to be filled by each member. This is the more apparent because the statute contains not a single word which in any manner can be held to convey the intent that the election of the president, treasurer, or clerk should be left to the members of the board. This is yet more manifest when it is noted that the section directs each member, before entering upon the duties of his office, to take an oath in writing to discharge honestly and faithfully the duties of his trust. What duties? Surely the duties which include the duties growing out of all their functions, both those belonging generally to each member of the board and those specially falling to each member's lot. Each member, if the meaning of the law is carried out, enters the board as the

chosen agent of the electors to do certain specified work of trust and confidence. When he has taken his oath to fulfill his trust, he is then a legal member of the board, charged with a special duty distinct from his fellow members. The board, upon the taking of the oath prescribed, is at once legally constituted and organized.

The statute, as amended by the supplement of March 3, 1905, directs that the members first elected shall hold their offices for the term of one, two, and three years, respectively, and until their successors are elected and qualified. It further provides for the election, annually after the first election, of one member of the board, who shall hold his office for three years. In accordance with the cardinal rule of interpretation, that every provision or clause of a statute should, if possible, be given effect, it was evidently the intention of Congress to establish a system of rotation in office for the school board, so that each year after the first year of its legal organization one member should retire, and be succeeded by a new member elected the same year.

But who shall designate the member who shall hold the shorter term of one year, and who the two longer terms? At the argument of the case the petitioner maintained that the power to designate belongs to the electors; while the defendants argued that the power devolved on the city council. I am at a loss to find the least suggestion or hint in the act of a legislative intent that the council should allot to each member of the school board the limit of his official tenure. The implied powers of the common council in respect to elections under the act must be limited to providing the machinery and means for the electors to express their choice of the members of the school board and to declaring the result of the election; hence it is arbitrary for the council to assume this power. It would be a still more arbitrary assumption of power for the school board to allot the terms of its members. Since the

terms of the several members are of unequal duration, the Legislature must have meant that the electors should not only name the member who should be treasurer, who director, and who clerk, but also how long each should serve. The election of members of the board, without the electors giving expression to their preference as to the term each member should serve, would be incomplete as an expression of the sovereign will. To fix the terms of the members of the board is one of the rights of the electors, where the terms are of unequal duration, and this right cannot be delegated to others. The right to choose the members includes the right to choose the terms for which they shall hold office, provided the members cannot hold for equal terms, or possibly even where the statute provides a different method or agency for determining the length of each member's tenure.

In the case at bar the ordinance provided for an annual election of a school board, who should hold their office for the term of one year and until their successors are elected and qualified. It is plain, from a first comparison of this part of the ordinance with the portion of the section of the law of January 27, 1905, quoted, that the ordinance did not comply with the requirements of the statute. So, also, the ballot prescribed by the ordinance, it will be seen at once, does not conform to the statute, since it simply expresses the choice of the elector for a "member" of the school board, and nothing more.

The notice of the election announces that an annual school board election of Nome school district, Alaska, will take place on Tuesday, April 11, 1905, whereat three members of the school board will be elected *for the ensuing year*. This notice but partially adheres to the terms of the statute and the intent of the Legislature gathered therefrom. The form of ballot actually voted gave the elector opportunity to only in part exercise his right as part of the sovereign power of Alas-

ka, and deprived him of the right to express himself, either by naming the special duties of the men of his choice or by indicating the term each should hold his office.

Assuming the interpretation of the statute and supplement which we have enunciated to be the correct one, the election of January, 1905, was not wholly in conformity with the law. Regarding the election in the most favorable light, the electors voted for members to hold office for one year, while the statute directs that they shall vote for *a director, a treasurer, and clerk,* who shall compose the school board, and also expressly directs that they shall hold for one, two, and three years, respectively and by implication makes the electors the arbiters of the terms each officer composing the board shall hold his office. To the extent that the election was not a full expression of the will of the electors they were disfranchised.

Is the petitioner, as one of the citizens of the Nome school district, entitled to invoke the remedy by peremptory mandamus for the infractions of the law of which he complains? A private citizen may be relator in a proceeding whose object is the peculiar relief afforded by mandamus. High on Extraordinary Remedies, §§ 431, 433; Morris v. Wrightson, 56 N. J. Law, 126, 28 Atl. 56, 22 L. R. A. 548; Union Pac. Ry. v. Hall, 91 U. S. 343, 23 L. Ed. 428; State v. Ware, 13 Or. 380, 10 Pac. 885; State v. Grace, 20 Or. 154, 25 Pac. 382. In the last two cases it was decided, in construing the section of the Oregon Code of which our section 554 of part 4 of Carter's Code for Alaska is an exact copy, that a citizen is "beneficially interested" and is entitled to be relator in a mandamus action, where "the object of the writ is to enforce the performance of a public duty." By section 553 of the Alaska Code it is ordained:

"That the writ of mandamus may be issued to any inferior court, corporation, board, officer or person, to compel the performance of

an act which the law specially enjoins as a duty resulting from an office, trust or station."

As hereinbefore stated, the law imposed the duty upon the town council of Nome to provide for an election for the choosing of members of the school board and to declare the results. As already decided, it was the duty of the council to give the voters the opportunity, in accordance with their rights, to give an expression of their will by designating the term of office to be held by the three persons of their choice for members of the board. This privilege was denied them.

In Chamberlin v. Hartley, a Pennsylvania case, reported in 152 Pa. 544, 25 Atl. 572, 573, presenting a state of facts nearly a counterpart of that in this case under consideration, the court decided that the omission of any electors to designate the term of the persons of their choice authorized the rejection of all ballots cast by such electors. In the course of the decision it was further decided that parol evidence to show whom the electors meant to hold the several terms of different lengths was inadmissible to give validity to ballots which did not fully express on their face the term during which the person chosen by the voter should hold office. Hence the copy of the Nome News, offered in evidence at the trial to show that the true purpose and effect of the election was to elect members of the school board to serve for one, two, and three years, respectively, and that the electors generally understood the effect and object of the election, was inadmissible. The ballot of the elector itself expresses the voter's intention, and resort cannot be had to parol testimony to show an intention not so expressed on the face of the ballot. In the case of Chamberlin v. Hartley all ballots designating the term of office were counted; all omitting the term were omitted in the count. The court said the action of the election board in so doing was legal. In line with these decisions are Sadsbury Tp. Election, 6 Lanc. Bar, 42; In re Wier, 34 Leg.

Int. 214; Milligan's Appeal, 96 Pa. 222; Gilleland's Case, 96 Pa. 224. These are all Pennsylvania cases. Other authorities concurring with the doctrine of Chamberlin v. Hartley are 6 Am. & Eng. Ency. of Law, 315; State v. Griffey, 5 Neb. 161; Page v. Kuykendall, 161 Ill. 319, 43 N. E. 1114, 32 L. R. A. 656.

It is my opinion, therefore, that the election of April 11, 1905, was invalid because: First, the ordinance was defective and illegal in substance; second, the notice or call of the election was illegal in substance; third, the ballots voted were defective and misleading to the elector; and, fourth, it was not such an election as the act contemplated and required, and therefore the electors should have opportunity at another election to vote for three members of the school board, namely, a director, a treasurer, and a clerk, and to designate which of the three members shall hold office for one, two, and three years respectively.

As a result of the views taken of the facts and the law governing in this case, the petitioner will be awarded judgment in accordance with the prayer of the petition, and, following the judgment, a wit of peremptory mandamus may issue thereon.