STATE OF NORTH DAKOTA EX REL. ANDREW MILLER, as Attorney General, and Thomas F. Marshall v. ALFRED BLAISDELL, Secretary of State of the State of North Dakota.

(159 N. W. 401.)

Primary election law — United States Senator — petition — candidate for — two vacancies — full term — unexpired term.

1. Under chapter 109, Laws of 1907, known as the primary election law, the petition of a candidate for United States Senator must specify the particular term of the office which he is a candidate for, where there are two vacancies to be filled at the same time, one for a full term, and one for an unexpired part of a term.

34 N. D.—21.

Vacancies — when deemed to exist — vote for two candidates — not an expression of choice — for office.

2. In such a case the vacancies are deemed to exist in two independent offices, made so in the case of United States Senators by reason of the expiration of the terms at different times, and a vote for two candidates in such a case is not an expression of choice so far as the term of the office is concerned.

Office — title — tenure — term — name of office — relation.

3. The title of an office, as used in § 9 of that act, includes within its meaning the tenure or term thereof, and the word does not merely relate to the name of the office.

United States Senator — office of — vacancies — legislature — filled by — voters — permitted to express opinion — choice — members of party.

4. Under chapter 109, Laws of 1907, vacancies occurring in the office of United States Senator by reason of death, or otherwise, are to be filled by the legislature, but preliminary to such election the voters are permitted to express their choice for that office, as members of a party, the same as in other cases.

Primary election law — liberally construed — remedial purposes.

5. The primary election law should be liberally construed to effectuate its remedial purposes.

Opinion filed May 18, 1910.

Application for writ of injunction.

Writ granted.

*Guy C. H. Corliss,* for plaintiffs.

*Ball, Watson, Young, & Lawrence,* for defendant.

MORGAN, Ch. J. The relator, Thomas F. Marshall, applies to this court for an injunction against the defendant as secretary of state, and bases such application on the following facts set forth in his affidavit:

That he is a candidate for the office of United States Senator for the term which will begin March 4, 1911, and end March 3, 1917.

That at the next session of the legislature of this state, two United States Senators are to be elected, as follows: One for the term which will begin March 4, 1911, and end March 3, 1917; and one for a term which will end March 3, 1915.

That the reason for the election of a Senator for the term which

will expire on March 3, 1915, is, that Hon. M. N. Johnson, who was elected to said office for the term ending March 3, 1915, died while in office, and therefore it will become the duty of the next legislature to elect a Senator for the unexpired part of his term.

That one A. J. Gronna is a candidate for said office for the term which will expire March 3, 1915.

That one Edward Engerud has filed with the defendant, as secretary of state, a petition duly signed by the requisite number of legal voters, requesting him to become a candidate for nomination to said office at the primary election to be held in June, 1910.

That in said petition said Engerud sets forth the title of the office to which he aspires merely as the office of United States Senator, and does not designate therein the particular office or term for which he is a candidate, and files such petition and accompanying affidavit without designating therein whether he is a candidate for said office for the term which expires on March 3, 1915, or for the term which expires March 3, 1917.

That the defendant will, unless enjoined by this court, certify to the various county auditors of the state the name of said Engerud without designating the particular term of said office for which he is a candidate.

That the relator has filed a petition for nomination as a Republican candidate for the office of United States Senator for the term which ends March 3, 1917, with the defendant, as secretary of state.

That said petition is in all things regular, and signed by the requisite number of legal voters of the Republican party.

That all of said candidates for nomination for said office are candidates at the primary election to be held in June next, as members of the Republican party.

That said relator claims the right to have his name, and the names of all other Republican candidates for nomination to said senatorial office, voted on by the legal voters of the Republican party at said primary election, as candidates for a particular term thereof, and that the voters at said primary election will be confused and deceived to the prejudice of said relator if said Engerud or any other candidate for said office is permitted to file a petition for such nomination gen-

erally, and without designating the particular term for which he is a candidate.

The relator asks that an injunction be issued commanding the defendant to strike from the files of his office the petition of said Engerud, and that the defendant be enjoined from certifying his name to the various county auditors of this state as a candidate for the office of Senator, without a particular designation in his petition, as to the particular term of Senator for which he is a candidate, and that the defendant be commanded to certify relator's name as prayed for in his petition.

Said Edward Engerud appeared, by consent of the relator, on the return day of the order to show cause, and demurred to the showing made in the affidavit, on the ground that the facts stated are insufficient to justify the issuance of an injunction against him. On the demurrer, oral arguments were submitted on behalf of the relator and on behalf of Judge Engerud.

The questions of law presented are to be determined from a construction of what is known as the primary election law of this state, being chapter 109, Laws of 1907. This law provides for the nomination of all state, district, and county officers at a primary election to be held in June next preceding the regular biennial November elections. This law also provides for a nomination, by the voters of a party, of candidates for the House of Representatives, and Senators of the United States. It also provides that all candidates for the state legislature must file, with their petitions for nomination, a pledge to support the choice of the voters of the party to which they belong, for United States Senator, and that in case no candidate of the party receives 40 per cent of all the votes cast for United States Senator by the party, then, and in that case, he pledges himself to vote for the candidate of his party who receives the highest number of votes at the general election succeeding such primary election.

This pledge feature of the act was declared unconstitutional by this court, as contravening the provisions of § 211 of the state Constitution, in that it was an exaction of a pledge from the candidate, inconsistent with that section.

State ex rel. McCue v. Blaisdell, 18 N. D. 55, 24 L.R.A.(N.S.) 465, 138 Am. St. Rep. 741, 118 N. W. 141.

Although this pledge cannot now be exacted from a candidate for the legislature as a prerequisite to filing a petition under this law, the provision is here referred to as it may have some bearing on other provisions of the law relating to the question under consideration.

This brings us to the precise question involved on this application, and all questions involved are to be decided on the application. The question is whether the petition of the voters to the secretary of state, requesting Judge Engerud to become a candidate for United States Senator, and his affidavit accompanying the same, must state what particular term of said office he is a candidate for. In another form the question is, Is the petition, as filed, in compliance with the statute, inasmuch as it only asks, generally, that he become a candidate for the office of United States Senator, without designating the particular term of office for which he is to become a candidate?

Before considering the primary election law as bearing on this question, it may be stated, as having some bearing upon the question, that under § 3, art. 1, of the United States Constitution, the Senators from each state are placed in three classes in that body, so that the terms of approximately one third of them, only, expire at the same time, and that the Senators thereafter remain in these classes, and that the two Senators from each state are never placed in the same class. As far as each state is concerned, the same classification is continued, regardless of however many vacancies may occur in these offices. In consequence of this classification, the terms of office of the two Senators from each state do not ever regularly end at the same time. Under such classification, as soon as made, the terms of the two Senators under an election do not ever, and cannot ever, expire at the same time. It therefore follows that the two Senators from each state do not, strictly speaking, fill the same office, but distinct and independent offices. Although the same so far as duties are concerned, and in every other respect, the terms thereof are not the same, as they do not expire at the same time. This fact constitutes them different offices so far as the question at issue on this application is concerned.

In reference to the question whether the primary law applies to the filling of vacancies in the office of United States Senator, the attorneys do not disagree. It is conceded that the law does apply to the filling of vacancies where a part of the term has not expired. This law specifies

for a nomination to that office "in the year previous to his election by the legislative assembly." The United States Constitution provides for a temporary appointment by the governor of the state to fill a vacancy "until the next meeting of the legislature, which shall then fill such vacancy." It therefore seems clear that the provisions of the primary law, considered in connection with the Federal Constitution, include the matter of voting for a candidate to fill all vacancies in the office of United States Senator whenever or however such vacancies may occur. The law, however, does not specify the procedure to be followed so far as the contents of the petitions, form of ballot, and other matters, in caes of an election when two senators are to be elected at the same time, are concerned. For instance, there is no provision in that law that enacts expressly that the petition on behalf of a candidate for United States Senator, or his accompanying affidavit, shall designate what particular term of that office, so far as the expiration thereof is concerned, he is a candidate for. This absence of express provision in that regard does not, in our judgment, reasonably lead to the conclusion that no designation could have been contemplated by the lawmakers. It is evident that the terms of the act should be so construed as to further its purposes, so far as the same reasonably appear from its provisions. In this regard its purpose is to give the voters the right to express to the legislature their choice for United States Senator, whenever, an election is about to occur. When two Senators are to be elected at the same election, and one necessarily for a longer term than the other, it is easily seen that there can be no choice expressed, so far as the term is concerned, when two Senators are voted for, where the particular office is not designated by each candidate.

It is true that such a vote may express the voters' choice so far as the two candidates best fitted for such places are concerned, but it expresses nothing as to which vacancy each shall fill. The primary law, however, was designed to give each voter a chance to express his choice to fill any vacancy about to occur in the Senate. If there is to be no designation of the term, then the voter is deprived of expressing a choice on this matter, which may be of great importance so far as the state and its citizens are concerned.

The contention on behalf of Judge Engerud is that the act only intended a general expression of choice for Senators when two are to

be elected, and that it does not show that it was intended that there should be a designation of the particular term of each candidate when two are to be elected, and that this court cannot properly supply an omission by the legislature to express such intent. It is further contended by him that if it is not held that the court should not supply this omission of the legislature, yet, under the general principle that the intent of the legislature as expressed in the act should be carried out, the court would not be justified in saying that it was the legislative intent that there should be a designation as to what particular office the candidate applies for. We will briefly consider these propositions.

The argument advanced, that it is always entirely immaterial to the voter which candidate shall be elected for the long term or the short term, is not necessarily true. However, the question here is, Does the statute give the voter the right to express a choice on the question of the term of office to which a candidate aspires? If so, no candidate should be permitted to file a petition which necessarily denies that right to the voters.

Reliance is placed on § 12, of the Act, which prescribes that "where there is more than one person to be elected to the same office, the persons to the number to be elected receiving the highest number of votes cast for such office shall be declared the nominees of the party for such offices." In view of what we have before stated, this section can have no application to the question before us. The offices to be voted for are different, inasmuch as they are not for the same term. Therefore this section is not applicable to a case where, strictly speaking, different offices are to be voted for. Giving the law a reasonable construction with a view to carrying out the intent thereof, which is to secure an expression of the voters' choice for the United States Senator, we are convinced that it indicates an intent, and therefore must have been intended, to call for an expression of the voters' choice, so far as the tenure of the office to be filled is concerned. The intent of the law was to place the voters in the position of members of the legislature, and permit them to express their choice for United States Senators at any primary election, whenever one or two are to be elected at the next session of the legislature.

It is contended with great force and plausibility that the will of the voter may be thwarted entirely if voters are compelled to specify the

particular term for which they desire a person to become a candidate. The point of this contention is that the candidate receiving the next highest vote for the long term may receive a larger number of votes than the highest number of votes cast for any candidate for the short term, and that the person receiving the next highest number of votes for the long term may be, and probably would be, the choice for the short term, if they are permitted to express themselves generally. In consequence of this possibility, it is urged that the construction contended for by the relator would result in defeating the will of the majority of the voters as to first choice for the short term of the candidate receiving the next highest vote for the long term. It is therefore contended that the legislature could not have intended to deprive the voters of the right to express their choice as between all candidates as to the long and the short term.

It is not denied that such a result might possibly follow, but that it is probable, or will ever actually arise, is doubtful. From a legal standpoint, however, there is nothing on which to base an assumption that the voters for the next highest candidate for the long term would vote for him for the short term. However that may be, we do not think it should result in laying down a rule of construction against what we deem an expression of the legislative intent as to this matter, and certainly as against the clear spirit of the law. This law contemplates the election by the legislature of a candidate having the highest number of votes if no candidate receives 40 per cent of the votes cast. In a case where two Senators must be elected, and their names are submitted without designation of the term of each, it will be impossible for the legislature to say that the candidate having the highest vote is the choice for the long term. To say that would be purely speculative; and it cannot be truly said, either, that the candidate receiving the next highest number of votes was the choice for the short term, as there has not been any expression on that question. If this be true, the construction contended for on demurrer necessarily defeats the intent of the law calling for an expression of a choice for United States Senators by the voters when two are to be elected at the same session.

Obviously no designation is necessary when there is only one to be elected, as there is only one vacancy to be filled, and no question can arise as to what the voters' choice is.

This law also provides that in case one candidate receives 40 per cent of the entire vote cast at the June primaries, such candidate shall be the choice of his party for United States Senator. In a case where there are two vacancies to be filled, and one candidate only receives 40 per cent of the vote, it would be impossible for the legislature to determine for which term the voters intended that the candidate receiving 40 per cent should be elected. There is no escape from the conclusion that the construction contended for in support of the demurrer would result in depriving the legislature of the advisory instruction as to what candidate was intended by the voters to be elected to fill the long term or the short term.

It does not answer the argument as to the importance, under this law, of an expression by the voters of their choice for United States Senator, to say that the ultimate choice is with the legislature, notwithstanding any expression of the voters' choice. It is necessarily true, of course, that the legislature cannot be legally bound by any vote on this matter, but the law provides for an expression of a choice by the voters, and this expression should be made in accordance with its provision, although it may have no further effect than as a mere expression of a choice. If the inevitable result or tendency may be, in certain cases, to deprive the voters of expressing a choice for the short term, it is a matter for further legislation, or, perhaps, a different petition. All that is now decided is that the law does not contemplate a general petition without specifying the term or particular office where two Senators are to be elected.

Counsel insists that it would be a flagrant instance of legislation by this court to say that § 9 of the Act can be construed to refer to an expression of choice as to the term of office to be filled where two Senators are to be elected at the same time. That section provides that "at the left of each group shall be placed the title of the office, etc., etc." The word "title" as used in that section is construed by us to include within it the term of the office. This construction gives the word "title" no new meaning. It necessarily includes within its meaning the tenure of the office. 6 Words & Phrases, p. 4923.

This construction of this section gives effect to the act, and limiting the word "title" in this connection to mean one office, without designation of the term, would render the act nugatory under the present situation.

Further, § 9, of the Act provides what the form of the ballot shall be, and indicates, in the form, that the voter is to "vote for one" United States Senator. On the theory that no designation is intended, this could not be done, and the voter's choice for two candidates expressed by the ballot. As before stated, a vote for two would not express any choice so far as the tenure is concerned. If the petition and ballot show what term the candidate wishes, the form of the ballot and the instruction to "vote for one" have force, and can be given effect.

No cases were presented, and none have been found, directly in point in this case. Cases holding, generally, that courts have no right to supply an intent not expressed in the act, and that it is the province of the court to follow the legislative intent as expressed in the act, have been cited. Of course there is no conflict as to the general principles applicable in such cases. We have followed the rules thus announced as we construe the act and the objects intended to be gained by its enactment.

Cases are also cited by the relators to the effect that where officers are to be elected for different terms, petitions for nomination which fail to designate the term of office are void for uncertainty. These cases are collected in 15 Cyc. 349.

See also: Remster v. Sullivan, 36 Ind. App. 385, 75 N. E. 860; Milligan's Appeal, 96 Pa. 222.

The writ will issue as prayed for.

All concur.