[Sac. No. 2257. In Bank.—February 23, 1915.]

J. R. WILSON, Petitioner, v. WILLIAM P. BLAKE et al., as and constituting the City Council of the City of Vallejo, Respondents.

PUBLIC OFFICERS—RECALL ELECTION—CITY COMMISSIONERS OF CITY OF VALLEJO—RECALLING TWO COMMISSIONERS AT SAME ELECTION—DIFFERENCE IN TERMS OF OFFICE—DESIGNATIONS OF OFFICE AND CANDIDATES ON BALLOT.—Under the provisions of the charter of the city of Vallejo (sec. 6, subd. 1, and sec. 5, subds. 17 and 21), and the provisions of the Political Code made applicable to its municipal elections and to the canvass of the returns thereof, (Pol-Code, sec. 1197, subd. 8; sec. 1211, subd. 2), it is permissible to hold at one time elections to recall two incumbents each of whom holds the office of city commissioner; but where the offices of the men sought to be recalled are of different terms, they are separate offices, and should be so designated upon the ballot, as the state law requires, and the names of the candidates for those offices against each of the incumbents should be placed respectively in the proper spaces set apart on the ballot for that purpose.

ID.—MANDAMUS WILL NOT LIE TO COMPEL CANVASS OF RETURNS OF VOID RECALL ELECTION.—A writ of mandate will not lie to compel the city council of the city of Vallejo to canvass the returns of elections to recall two incumbents of the office of commissioners, whose terms of office were different, where the elections were held in contravention of such requirements. Such writ, being issued in the discretion of the court, will not be issued to compel an inferior board or tribunal to do that which can accomplish nothing.

APPLICATION for a Writ of Mandate directed to the members of the city council of the city of Vallejo.

The facts are stated in the opinion of the court.

Stetson & Koford, for Petitioner.

Hoefler & Morris, for Respondents.

HENSHAW, J.—Petitioner applied to the court of appeal for mandate to compel the respondents, constituting the city council of the city of Vallejo, to canvass the returns of a certain election held in the city. The proceeding was heard in the court of appeal upon issue joined by general demurrer to the complaint. The court of appeal awarded the mandate

and upon petition to this court a rehearing of the controversy was ordered here to be had.

Under the charter of the city of Vallejo the city council consists of a mayor and two commissioners. The incumbents of those offices are the respondents herein. Defendant Tormey is the mayor, and defendants Blake and Warford are commissioners. Recall proceedings were commenced against commissioners Blake and Warford, and upon April 23, 1914, a recall election was held. Commissioner Blake at the time of this election had about one year to serve. Commissioner Warford had been elected for a four-year term, and at the time of the election had served about one year, and therefore had three years more to serve. For convenience, Blake's term may be designated the short term and Warford's term the long term. Two candidates had been named by petition for the office of commissioner, but without specification or designation of the particular office (long or short term) to which they aspired. These were Wilson and Jones. Thus it did not appear that Wilson was a candidate to succeed Blake or a candidate to succeed Warford, and the same is true of the candidacy of Jones. The ballots used at this election were, so far as these candidates and their offices are concerned, in form as follows:

| For Commissioner Vote for two | |
|---|---|
| For Commissioner William P. Blake | |
| For Commissioner William A. Jones | |
| For Commissioner George H. Warford | |
| For Commissioner Joseph R. Wilson | |
| For Commissioner . . . . . . . . . . . . . . . . . | |
| For Commissioner . . . . . . . . . . . . . . . . . | |

The election returns showed the vote to be, for Wilson 2071; for Warford, 2024; for Blake, 2012, and for Jones, 1648. Upon the failure of the council to canvass and declare the re-

turns of this election, Wilson filed his petition in mandate to compel action.

The council bases its failure and refusal to make this canvass, and consequently its defense to this petition, upon the ground that the election itself accomplished nothing, by virtue of the illegal form of ballot employed; wherefore, to canvass the returns of such an election would be the doing of a vain and useless thing.

The charter of the city of Vallejo (sec. 6, subd. 1) makes the law of the state applicable to its municipal elections and to the canvass of the returns thereof. The state law governing the canvass of returns (Pol. Code, sec. 1211, subd. 2) declares that "In canvassing the votes . . . 2. If a voter marks more names than there are persons to be elected to an office, or if for any reason, it is impossible to determine the voter's choice for any office to be filled, his ballot shall not be counted for such office." The contention of respondents is that at this election, while the title to the office is the same,—namely, that of commissioner, there were, in law and in fact, two offices to be filled—one, the office of commissioner for the short term, the incumbent of which was Blake, the other the office of commissioner for the long term, the incumbent of which was Warford. Petitioner makes answer that the matter is controlled by the provisions of the city charter; that section 5, subdivision 17 of this charter provides that on the ballot "Offices to be filled shall be arranged in separate columns in the following order: . . . For commissioner (if any) vote for (giving number)"; while subdivision 21 of the same section provides: "In case there is but one person to be elected to an office, the candidate receiving the majority of the votes cast for all the candidates for that office shall be declared elected. In case there are two or more persons to be elected to an office, as that of commissioner or school director, then those candidates equal in number to the number to be elected who receive the highest number of votes for such office shall be declared elected . . ." From these provisions petitioner argues that the form of ballot adopted is that prescribed by the charter, which designedly makes no distinction in the office of commissioner growing out of the duration of the terms of the incumbents. But the language of the charter of Vallejo is not all-controlling in the matter. That charter itself makes the election laws of the state applicable to the municipal elec-

tions and the law of the state declares (Pol. Code, sec. 1197, subd. 8), "If two or more officers are to be elected for the same office for different terms, the term for which each candidate for such office is nominated shall be printed on the ballot as a part of the title of the office." And this is not only a most reasonable but a most necessary provision of the law. In all of those cases where the title to the office is one and officers and incumbents of the office many, as boards of supervisors, city councils, commissioners, judges of the superior court, justices of the courts of appeal and of the supreme court, it would be impossible in any election, where more than one was to be voted for, and the terms were of different periods, to determine the expressed will of the voters without such provision. And with peculiar force does this apply to recall elections. It will not be disputed that where the incumbent of an office is subjected to this form of rebuke he, upon the one hand, is entitled to the simple and uncomplicated verdict of his fellow citizens upon his right to continue in office, and, upon the other hand, the electors in turn are entitled to the untrammeled and unembarrassed right to declare, as to that officer, whether or not he shall be continued in office. The result of an election held as this one was, gives rise to endless confusion and to astounding consequences. We may pass over the fact that the opposing candidates were not nominated against either of the incumbents; in other words, that Jones was not a candidate to defeat Blake, nor Wilson a candidate to defeat Warford, nor Wilson a candidate to defeat Blake, nor Jones a candidate to defeat Warford, with the remark that since there were two offices to be filled, these candidates by petition should have looked to it that the office which they sought was specifically designated in their petitions. But when attention is paid to the possibilities which may arise from an election so conducted, the confusion destroys the possibility of the conclusion that such an election affords a fair or even a determinable answer to the essential proposition upon which the voters are to act, which proposition, under the Vallejo charter, is: "Shall A be recalled and B be elected in his place?" This we may briefly illustrate, and in so doing it is to be noted that six forms of marked ballot are permissible under this election as held: 1. Ballots for Blake and Warford; 2. Ballots for Wilson and Blake; 3. Ballots for Wilson and Warford; 4. Ballots for Jones and

Warford; 5. Ballots for Jones and Blake, and 6. Ballots for Jones and Wilson. Upon the basis of one hundred ballots, and thus two hundred votes, assuming that Blake received sixty and Warford sixty-one, it would appear that six out of ten, or a clear majority, had voted to retain the commissioners. But it is quite possible that Jones may receive sixty-nine and Wilson ten votes; thus accounting for a total of one hundred ballots and two hundred votes. The result would be that Jones would be elected. Or, again, turning our consideration to the form of the ballot cast, in ballots two and three, Wilson, and in ballots four and five, Jones, manifestly received votes for two different and distinct offices, which votes are counted in their favor for one office. In the event that their sum in the aggregate exceeds the sum received by either of the incumbent commissioners by this method of cumulating votes, they are elected. Some of the electors may have desired to displace Warford; others to displace Blake. By this election and its method of computation, the result of their balloting is perhaps to displace a man whom they desired to retain. And, without expatiating further upon the matter, assume that Jones and Wilson had received a majority of votes over the incumbents, for whose office—Blake's or Warford's—was Jones elected, and for whose office was Wilson elected? Sufficient has been said to show that the form of the ballot employed at this election renders the returns void for uncertainty. We hold, therefore, as matter of principle, supported by our positive law, that while it was permissible to hold the elections at one time, the offices of the men sought to be recalled, because of their different terms, were separate offices; that they should have been so designated upon the ballot, as the state law prescribes, and that the names of the candidates for those offices against each of the incumbents should have been placed respectively in the proper spaces set apart on the ballot for that purpose.

Upon the proposition, which is in effect declared by our statute law, that differing terms make different offices, though the title be one, the authorities are uniform, and it is sufficient to refer to *Page* v. *Kuykendall*, 161 Ill. 319, [32 L. R. A. 656, 43 N. E. 1114]; *Chamberlain* v. *Hartley*, 152 Pa. 544, [25 Atl. 572]; *Contested Election of Gilleland*, 96 Pa. St. 224; *Appeal of Milligan*, 96 Pa. St. 222.

To the suggestion that the court should order this mandate, to the end that the city council be directed to perform the public duty of canvassing the returns, even though the result shall be as above indicated—a declaration from the city council that the election returns are void for uncertainty—the answer is that the writ of mandate is issued in the discretion of the court to compel· the performance not only of a public duty but of a useful public duty. (*State* v. *Ely,* 23 N. D. 619, [137 N. W. 834] ; *Belcher* v. *Treat,* 61 Me. 577.) A court having authority to issue the writ will not do the vain and foolish thing of ordering an inferior board or tribunal to do that which accomplishes nothing. It will exercise its power to issue the writ only when some useful purpose may be accomplished thereby. (*Boyne* v. *Ryan,* 100 Cal. 265, [34 Pac. 707] ; *French* v. *State Senate,* 146 Cal. 604, [2 Ann. Cas. 756, 69 L. R. A. 556, 80 Pac. 1031].) No such result can here be reached, for the reasons already given.

Wherefore the demurrer to the petition is sustained, and the application for a writ is denied.

Sloss, J., Shaw, J., Melvin, J., and Lorigan, J., concurred.

ANGELLOTTI, C. J., concurring.—I concur in the judgment and in the foregoing opinion. I am of the opinion further that there is nothing in the charter provisions of the city of Vallejo independent of the state law, that fairly construed, purports to authorize such manner of proceeding as was had in this matter, entirely regardless of the fact that the two officers here proceeded against were commissioners for terms of different length. The provisions of the charter specially applicable to the matter of recall, clearly show, in my opinion, that the recall proceeding contemplated is necessarily one against a *single* officer. In view of the nature of the question to be submitted to the people at a recall election, I do not see how any other system would be practicable. However this may be, the language of the charter shows that nothing else was contemplated. And where proceedings are instituted for the recall of two officers at the same time, even though the title to the office is the same, as is the case here, they are separate and distinct proceedings, and must be separately submitted to the people. As is suggested in the opinion, such submission need not necessarily be on different days,

but where for convenience and to save expense two or more proceedings are voted on at the same time, they must be kept separate and distinct on the ballot so that the will of the people may be expressed as to each.   In such a case, as many recall elections are being held at the same time as there are officers involved, and they are being held at the same time solely for convenience and to save expense.   As each of these involves but *one* officer, the provision of subdivision 17 of section 5 of the charter, prescribing the form of ballot, cannot be construed as warranting the form of ballot that was in fact used at the election of April 23, 1914.