## WIMMER v. EATON.

1. **Elections:** WRONG NAME ON BALLOT: INTENT OF ELECTORS: EVIDENCE. Plaintiff, whose name is E. W., was the candidate of his party for the office of township trustee, and there was no one of the name of F. W. who was eligible to the office; but the name F. W. was printed on some of the ballots cast at the election, and if these had been cast for E. W. he would have been elected, but, not counting these for him, the defendant was declared elected. In an action to contest the election, *held* that evidence was admissible to show that the ballots bearing the name F. W. were so printed in the belief that that was plaintiff's name, and to show that the electors who cast those ballots at the time supposed that they bore plaintiff's name; and, the intention of the electors so voting being thus established, *held*, further, that such ballots should be counted for plaintiff.

2. ——: ——: ELECTOR'S TESTIMONY AS TO INTENTION. Whether an elector who has cast a defective ballot can be permitted to testify directly as to his intent, *quære*.

*Appeal from Allamakee District Court.*

TUESDAY, OCTOBER 4.

THIS is an action to test the right of defendant to hold the office of township trustee. The district court entered judgment for plaintiff, and defendant appeals.

*H. H. Stilwell*, for appellant.

*M. B. Hendricks*, for appellee.

REED, J.—At a general election in the township in which

the parties reside, 510 ballots were cast for the office of township trustee. Of that number 249 were cast for defendant, 170 bore the name of E. Wimmer, and 91 that of F. Wimmer. Plaintiff's name is Edward Wimmer, and he claimed that all of the ballots bearing those names should be counted for him. The canvassers, however, counted for him only those ballots which bore the name of E. Wimmer, and they issued to defendant the certificate of election. The evidence given on the trial shows that plaintiff was nominated as a candidate for the office by a convention of the political party to which he belongs, and that the ballots which bore the name of F. Wimmer, as well as those which bore the name of E. Wimmer, were cast by members of that party ; also that the ballots were printed by a person who knew that plaintiff was a candidate for the office, but understood at the time that his name was F. Wimmer ; also that it was discovered after the election had been in progress for some time that this mistake had been made in printing his name, and that the ballots subsequently cast were corrected by writing thereon the letter E. as the initial letter of his Christian name. It was also proven that no person by the name of F. Wimmer, who was eligible to the office, resided in the township. A number of the electors were examined as witnesses, and, against defendant's objection, were permitted to testify that the ballots cast by them bore the name of F. Wimmer, and that they supposed at the time that that was plaintiff's name, and that it was their intention to vote for him.

The first question which arises on the record is whether resort may be had to other evidence than the ballot cast by the elector in ascertaining his intention. If the ballot is found to be perfect, that is, if it expresses a certain intent by the elector, it must be accepted as the exclusive evidence of his intent. Thus, if it bears the name of a person who is eligible to the office voted for, it affords the most satisfactory evidence that

1. ELECTIONS: wrong name on ballot : intent of electors : evidence.

it was the elector's intention to vote for that person ; and it would be contrary to all the analogies of the law to permit proof by extrinsic evidence of a contrary intent.   But when it is apparent that the intent of the elector is imperfectly expressed by the ballot, as when the person intended to be voted for is not certainly identified by it, the true rule is, we think, to admit extrinsic evidence in aid of such imperfection.   It often happens that the elector is ignorant or mistaken as to the Christian name of the person for whom he wishes to cast his ballot.   In such cases the Christian name is either, omitted entirely from the ballot, or wrongly written thereon.   Now, if no evidence except the ballot could be resorted to in such cases, in determining the intent of the elector, it is manifest that the privilege of the elective franchise would be defeated by the rule.   But the right to vote is one of the highest privileges of the citizen, and it ought not to be defeated by a technicality.   Hence the courts have quite generally held that resort might be had in such cases to the circumstances surrounding the election, and the facts of a general public nature connected with it, and that these might be considered, in connection with the ballot, in determining what was the intention of the elector.   The question is elaborately discussed in *Attorney-general v. Ely*, 4 Wis., 438, and what we think is the true rule is there laid down.   See, also, Cooley, Const. Lim., 611.

We think, therefore, that the facts that plaintiff was the candidate of his party for the office, that there was no person of the name of F. Wimmer who was eligible to the office, and that that name was printed on the ballots in the belief that it was plaintiff's name, and that the electors who cast the ballots bearing that name supposed at the time that it was his name, may properly be considered in determining whether the 91 ballots bearing that name were intended for him ; and when those facts are considered there can be no question as to what the intent of the electors was.

The only other question in the case is whether an elector who has cast a defective ballot can be permitted to testify directly as to his intent. The numerical weight of authority seems to be against the right to examine the elector on that subject. But we have no occasion to go into the question in this case; for if it should be held that the district court ought to have excluded the evidence, the final result would not be affected; for we hold that, upon the facts proven by the competent evidence in the case, the ballots in question should have been counted for plaintiff. The judgment will therefore be

2. ——: ——: elector's testimony as to intention.

AFFIRMED.