The State ex rel. Cremer vs. Steinborn.

---

THE STATE EX REL. CREMER, Respondent, vs. STEINBORN, Appellant.

*March 10 — March 27, 1896.*

*Elections: Ambiguity in ballots: Parol evidence.*

Where, in an action to determine the right to a town office, it appeared that there were in the town two men of the same name, both eligible to the office, one of whom, commonly known as C. H. C. Sr., was a candidate therefor and the other, commonly known as C. H. C. Jr., was not a candidate, ballots bearing the name of C. H. C. Jr. were unambiguous and could not be shown by parol evidence to have been intended for C. H. C. Sr.

The State ex rel. Cremer vs. Steinborn.

APPEAL from a judgment of the circuit court for Monroe county: O. B. WYMAN, Circuit Judge. *Reversed.*

This action was brought to determine the right to the office of town treasurer of the town of Jefferson, in Monroe county. At the annual town meeting in that town, in April, 1894, 255 votes were cast for the office of town treasurer. Of these 122 were counted for *Cornelius H. Cremer, Sr.*, the relator. These included a few ballots cast for C. H. Cremer, without the designation of " Sr." or " Jr." Seven were for C. H. Cremer, Jr., and one hundred and twenty-six were for the appellant. The seven votes for C. H. Cremer, Jr., were in the first place counted as for the relator, and he was declared to be elected, and a certificate of election was given to him. Afterwards a recount of the ballots was had. The seven ballots which bore on their face the name C. H. Cremer, Jr., were not then counted for *C. H. Cremer, Sr.* The appellant was declared elected, and a certificate of election given to him. Both parties duly qualified for the office. The appellant took possession of the office, with the books and papers, and still retains it and excludes the relator therefrom.

The evidence discloses that there were two men in the town of Jefferson (cousins) named C. H. Cremer. The relator was commonly known and designated as *C. H. Cremer, Sr.*, while his cousin was known and designated as C. H. Cremer, Jr. Both were eligible to the office. The relator was a candidate for the office at that election. The other was not. The trial court permitted evidence of surrounding circumstances, in order to show for whom the seven ballots which bore the name of C. H. Cremer, Jr., were intended to be cast. The jury found that they were intended to be cast for the relator. The relator was found to be elected, and was adjudged to be entitled to the office. The case comes to this court by appeal from that judgment.

For the appellant there was a brief by *Morrow & Masters,* and oral argument by *J. M. Morrow.*

*D. F. Jones,* for the respondent.

NEWMAN, J.    Doubtless, parol evidence was competent to show for which Cremer the ballots which failed to designate were intended to be cast.    The evidence disclosed a latent ambiguity in them.    But, clearly, there was no defect or ambiguity in the seven ballots which designated C. H. Cremer, Jr., as the person voted for; and the parol evidence failed to disclose any defect or ambiguity.    On the contrary, it did disclose the pertinence and force of the abbreviation "Jr." in pointing out which of the two of the same name was intended.    Instead of disclosing an ambiguity in the ballots, it showed that they were industriously accurate and free from uncertainty.

Parol evidence to show the intention of the voter is receivable on the same general ground and for the same general purpose as parol evidence to explain written instruments is received.    It is not receivable to explain what is already plain on the face of the instrument, and in no need of explanation; nor to contradict or vary the instrument.    *Attorney General ex rel. Carpenter v. Ely*, 4 Wis. 420, 429; *State ex rel. Spaulding v. Elwood*, 12 Wis. 551, 558; *State ex rel. Phelps v. Goldthwaite*, 16 Wis. 146.    To find that these seven voters whose ballots read for C. H. Cremer, Jr., voted for *C. H. Cremer, Sr.*, is in direct contradiction of the definite and unambiguous evidence of the ballots themselves.    These ballots cannot be counted for the relator, unless it can be found, on competent evidence, that it was his name which was on the ballots when they were cast.    The intention of the voter cannot be proved to contradict the ballot, nor in opposition to the paper ballot which he has deposited in the ballot box.    A ballot which is unambiguous cannot be varied by parol proof.    Nor can it be proved that the voter intended to vote for one man when his ballot was cast for another.    McCrary, Elections (2d ed.), § 407; Cooley, Const. Lim. 611; *People ex rel. Eastman v. Seaman*, 5 Denio, 409; *People ex rel. Smith v. Pease*, 27 N. Y. 45, 84.

It is plain that there was no competent evidence to show that these contested ballots were cast for the relator. They were unambiguous, and it was not competent to vary their plain import by parol evidence; and without them the relator was not elected.

At the close of the testimony the appellant moved for the direction of a verdict in his favor. The court denied the motion. This was error.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.