### SAMUEL PAGE

*v.*

### JOHN KUYKENDALL.

*Filed at Springfield May 12, 1896.*

1. ELECTIONS—*effect of failure to designate office voted for, on ballot.* A ballot for school directors, at an election to choose one for a full term of three years and one to fill a vacancy for one year, cannot be counted when it contains the names of two persons, without anything to designate which office either is intended for.

2. SAME—*what is a sufficient designation of the office to be filled.* The designation of the office to be filled, which a ballot must show under the statute, (1 Starr & Curtis, p. 1008, secs. 52, 53,) sufficiently appears, as to the person named for the long term, upon a ballot containing only the names of two persons, with the words "long term" following one name, without any other words to designate the office, when the election is held only for school directors; one to be chosen for a long term and one for a vacancy.

3. SAME—*validity of ballot as affected by indefinite designation of office.* A ballot containing two names, with the words "long term" after one of them, cast at an election which is held only for the election of school directors, one for a long term and one to fill a vacancy, can be counted at least for the person named for the long term, although there is a failure to designate, by express words, the office for which the other person was named.

4. SAME—*general rule for construction of ballots.* A construction of a ballot which would deprive the elector of his vote will not be adopted where his ballot is equally susceptible of another construction which would give his vote effect.

APPEAL from the County Court of Clark county; the Hon. J. C. EAGLETON, Judge, presiding.

This proceeding was instituted by John Kuykendall and William M. Mott, in the county court of Clark county, to contest the election of Samuel Page and William D. Rollings as school directors of district No. 7, in township 12, range 11, in said county. The election was held on the 20th day of April, 1895, for the purpose of electing one director for the full term of three years and one for the term of one year to fill a vacancy. There were four candidates at said election,—Kuykendall, Page, Mott and Rollings,—and sixty-three votes were cast. The poll-book filed with the township treasurer contains a certificate reading as follows:

"RETURNS OF THIS ELECTION.

| NAMES OF PERSONS. | WHOLE NUMBER OF VOTES CAST. |
|---|---|
| S. P. Page | Received fifty-two (52) votes for school director for the full term. |
| John Kuykendall | Received thirteen (13) votes for school director for the full term. |
| W. D. Rollings | Received fifty (50) votes for school director for the full term. |
| William Mott | Received eleven (11) votes for school director for the full term. |

"We, the undersigned, do hereby certify that the foregoing is a true tally-list and correct statement of votes cast at the said election, and that S. P. Page was duly elected school director for the full term, and that W. D. Rollings was duly elected school director to fill vacancy.

"Dated this 20th day of April, 1895.

W. T. MATTHIS,
SAMUEL PAGE,
*Judges of election.*

"Attest: T. E. Velkers, Clerk of the election."

The petitioners alleged in their petition that of the sixty-three ballots cast at said election only the eight cast for said John Kuykendall, and the seven cast for said Samuel Page, and the eight cast for said William M. Mott, in any way or manner designated which candidate the elector desired to serve for the long or three years' term and which for the short or one year term, and alleged that Page and Rollings had been declared elected in

violation of law. Defendants answered, denying the material allegations of the petition. A re-count of the ballots was had before the court, and it was determined by the court that of all the legal votes cast John Kuykendall received nine votes for director for the long term and William Mott nine votes for director for the short term, and they were declared elected accordingly and entitled to said offices. From that judgment defendant, Page, prosecutes this appeal.

The nine ballots counted by the court below as the only legal ballots cast were as follows:

"For School Director.
JOHN KUYKENDALL, long term.
W. M. MOTT, short term."

All other ballots were found by the court to be defective and were counted for no one. There were ten ballots among those rejected by the court which were as follows:

S. PAGE, long term.
W. D. ROLLINGS.

Two were as follows:

For School
Director.
SAM PAGE.
WILL ROLLINGS.

Seven were as follows:

SAM PAGE
for Director.
W. D. ROLLINGS.

Thirty-one were as follows:

S. PAGE.
W. D. ROLLINGS.

Two were as follows:

S. PAGE.
JOHN KUYKENDALL.

And two were as follows:

For School Directors.
JOHN KUYKENDALL.
W. M. MOTT.

131—21

GRAHAM & TIBBS, for appellant:

In case of *Akin* v. *Matteson*, 17 Ill. 167, the court held that in contested elections the intention of the voters in casting their ballots should control, and that effect must be given to that intention. The same doctrine is announced in *McKinnon* v. *People*, 110 Ill. 305, and in *Parker* v. *Orr*, 158 id. 609.

GOLDEN & HAMILL, for appellee:

Where the name of the office is canceled, it has uniformly been held that the ballot should not be counted. *Clark* v. *Robinson*, 88 Ill. 498; *Kreitz* v. *Behrensmeyer*, 125 id. 141.

In an election contest, a ruling excluding a ballot on account of the insufficiency of the marking will not be reviewed unless the record contains the original ballot, or a *fac simile* copy thereof, a verbal description of the same being insufficient. *Lay* v. *Parsons*, 104 Cal. 661.

When there is more than one office to be filled, or different terms of the same office, a failure to designate for which office the vote is intended will be fatal. Where a person places more names on his ticket than there are officers to be elected, the ballot cannot be counted for any of them for that office. 6 Am. & Eng. Ency. of Law, 345, and notes 1, 2; *Chamberlin* v. *Hartley*, 25 Atl. Rep. 572.

Mr. JUSTICE CARTER delivered the opinion of the court:

Of the sixty-three ballots contained in the record as having been cast at the election in question for school directors all were rejected by the trial court in the contest proceeding but nine, and these nine being for the contestants, the contestants were declared elected. The appeal is prosecuted by Page alone. We are therefore only to consider whether Page or Kuykendall received the greater number of votes cast for the office in question at said election.

The thirty-one ballots containing nothing but the two names, thus, "S. Page, W. D. Rollings," and two others similar in form, were clearly insufficient to express the intention of the voter.   Appellant contends that as the only office to be filled at this election was school director it was not necessary that the office should be designated on the ballot to make the intention of the voter clear.   It is plain, however, that if this contention were conceded, notwithstanding the statute requires such designation, it is still wholly uncertain which of the two persons whose names are on the ballot the elector intended to vote for for the long term and which for the short term.   This choice could be determined only by the voter himself as expressed by his ballot, and when the ballot wholly fails to express the choice it is void and cannot be counted. *Chamberlain* v. *Hartley*, 25 Atl. Rep. (Pa.) 572; *Gilliland's Appeal*, 96 Pa. St. 224.

There were eleven of the rejected ballots which contained the title of the office above the names, but were equally as uncertain as those above mentioned and in the same respect.   We are of the opinion that the county court did not err in refusing to count these ballots.

There were, however, ten other ballots rejected by the court concerning which a more serious question arises. Sections 52 and 53 of the statute in regard to elections are as follows:

"Sec. 52. The manner of voting shall be by ballot. The ballot shall be printed or written, or partly printed and partly written, upon plain paper, *with the name of each candidate voted for, and the title of the offices.*   When the ballot is printed, the same shall be printed upon plain paper, in plain type, in straight lines, with a blank space below each name, of a width not less than equal to the width of the line in which the name is printed.

"Sec. 53. The names of all candidates for which the elector intends to vote shall be written or printed upon the same ballot, *and the office to which he desires each to be*

*elected shall be designated upon the ballot.*" (1 Starr & Curtis'
Stat. 1008.)

Counsel for appellee insist that these ten ballots also
are fatally defective because the title to the office is not
designated on them, and because, as they contain two
names, it is impossible to ascertain the intention of the
voter as to whether he intended to vote for both for the
long term or not, or what his intention really was. It is
plain that where there are more offices than one to be
voted for, ballots making no designation of the office will
be insufficient for uncertainty, and where there are two
officers to be elected for different terms, ballots which
do not designate the terms should be rejected. (6 Am. &
Eng. Ency. of Law, 345.) It is, however, the general rule
that the voter shall not be disfranchised or deprived of
his right to vote through mere inadvertence, mistake or
ignorance, if an honest intention can be ascertained from
his ballot, (*Parker* v. *Orr*, 158 Ill. 609,) and the circum-
stances surrounding the election may be considered in
ascertaining the voter's intention or to explain imperfec-
tions in the ballots. (*Behrensmeyer* v. *Kreitz*, 135 Ill. 591;
*McKinnon* v. *People*, 110 id. 305.) This election was only
for school directors. It was ordered for that purpose
alone. This is fully shown by the pleadings and the evi-
dence, and it cannot be said, we think, that there is any
uncertainty as to these ten ballots having been cast for
school directors, or at least for a school director. Be-
sides, it is apparent from the ballots themselves that
there was an attempt on the part of the voter to comply
with the statute and to designate the office, for, after the
name of S. Page, and on the same line, are written the
words, "long term." The only officers to be elected were
two school directors,—one for the long or full term of
three years, and one for the short term, to fill a vacancy.
Had there been no other name on these ten ballots than
that of Page, we think no doubt could arise that it was
the intention of the voters casting these ballots to vote

for Page for the office of school director for the full term. We think, also, that there being no candidates to be voted for at this election for any office other than that of school director, the attempted and partial designation of the office on these ballots as to Page was, under the circumstances, a sufficient compliance with the statute requiring the title of the office to be written or printed on the ballot, and that the office to which the voter desires each candidate voted for to be elected shall be designated on the ballot. 6 Am. & Eng. Ency. of Law, 344, note 1.

It is claimed, however, that as these ten ballots also contain the name of W. D. Rollings, without any designation of the office to which the voters desired him to be elected to, other than that which followed the name of Page, the ballots should not, under the statute, be counted for either candidate. Section 58 of the statute provides: "If more persons are designated for any office than there are candidates to be elected, * * * such part of the ticket shall not be counted for either of the candidates." In the case of *Blankinship* v. *Israel*, 132 Ill. 514, there was but one office and one term to be filled and two names were preceded by the words "For assessor," and this court held that the ballot should not, under the statute, be counted for either candidate. But can it be said here the ten ballots in dispute have more names designated for any office than there are candidates to be elected? The office here is that of school director. Two candidates were to be elected,—one for the long and one for the short term. It is clear these electors intended to vote for Page for the long term, and it may be and probably was intended that the one year term should apply to Rollings, but the ballots failed to make the designation. As Rollings' case is not before us it is unnecessary to construe these ballots as to him, any further than the effect they may have upon the rights of Page. It cannot be said, in view of the form of these ballots and of the fact that

two officers were to be elected, that the words "long term" had the same relation to the name of Rollings as to the name of Page, as did the title "For assessor" in *Blankinship* v. *Israel, supra,* in respect to the two names in question in that case. In the case at bar there was simply a failure to designate any office to which these electors desired Rollings to be elected, unless, by the designation of Page for the long term, it might be implied that the voter intended to vote for Rollings for the short term,— the only remaining place to be filled; and the latter view should be adopted rather than the one that he intended to vote for both for the long term,—if it were necessary, in the decision of the case, to adopt either view. A construction will not be adopted which would deprive the elector of his vote when his ballot is equally susceptible of another construction which will give it effect. Our conclusion is that these ten ballots should have been counted for Page, and that the county court erred in rejecting them, and in declaring that Kuykendall, and not Page, was entitled to the office.

Questions upon the pleadings and the procedure in the case have been discussed by counsel, but as they would not affect the result we have not thought it necessary to consider them. The court seems to have regarded the proceeding in some respects as a suit at law, and entered judgment accordingly. It is sufficient to say that the practice in such cases is, to all intents and purposes, the same as in chancery, and not as in a suit at law. *Dale* v. *Irwin,* 78 Ill. 170; *Talkington* v. *Turner,* 71 id. 234; *Kreitz* v. *Behrensmeyer,* 125 id. 141.

The judgment of the county court is reversed and the cause remanded, with directions to dismiss the petition as against Page, at the cost of appellee, Kuykendall.

*Reversed and remanded.*