Don E. Easterbrooks *v.* Hale M. Atwood.

Special Term at St. Johnsbury, April, 1910.

Present: Rowell, C. J., Munson, Watson, Haselton, and Powers, JJ.

Opinion filed May 7, 1910.

*Elections—Listers—Disputed Ballots—Defective Ballots—When Aided by Parol Evidence.*

The intention of the voter who cast a disputed ballot is controlling in determining for what person or office it should be counted, but that intention must be deduced from the ballot itself, read in the light of the surrounding circumstances of a public character, which may be shown by parol; but such extrinsic evidence cannot be received to contradict the ballot, nor when it is so defective as to express no intention whatever.

Where among the ballots cast at an annual town meeting for rival candidates for the office of lister there were thirteen whereon was printed in small type, "For Road Commissioner," under which, in large black letters, was the name of one of said candidates, those thirteen ballots were so defective that they could not be aided by extrinsic evidence, and were void.

Petition for a writ of *quo warranto,* brought to the Supreme Court for Caledonia County at its April Term, 1910, and then heard on the pleadings and evidence taken and filed. The opinion states the case.

*Cook & Norton* for the petitioner.

The thirteen ballots that were discarded, in view of the circumstances surrounding the transaction, should have been counted for the petitioner. On page 612 of Cooley's Const. Lim. it is said:—"The great constitutional privilege—the highest under the government—is not to be taken away on a mere technicality, but the most liberal intendment should be made in support of the elector's action wherever the application of the common-sense rules, which are applied in other cases, will enable

us to understand and render it effectual—and where the ballot, in connection with such facts surrounding the election as would be provable if it were a case of contract, does not enable the proper officers to apply it to one of the candidates, policy, coinciding in this particular with the general rule of law as applicable to other transactions, requires that the ballot shall not be counted for such candidate.'' Cooley, Const. Lim. 5th Ed. 769; *Owens* v. *State,* 64 Tex. 500; *Williams* v. *State,* 69 Tex. 368; *Kellogg* v. *Hickman,* 12 Colo. 256; *Kirk* v. *Rhoads,* 46 Cal. 398; *People* v. *Pease,* 27 N. Y. 45; *People* v. *Kilduff,* 15 Ill. 492; *Druliner* v. *State,* 29 Ind. 308; *Millholland* v. *Bryant,* 39 Ind. 363.

*Howe & Hovey* for the petitionee.

The thirteen pretended ballots were properly treated as void. On their face they showed nothing as to the voter's intention; and they could not be aided by extrinsic evidence. Extrinsic evidence is admissible only to show that an imperfect ballot was meant for a particular candidate or for a particular office and is not admissible when the name or office is so different that thus to apply it would be to contradict the ballot itself. McCrary on Elec., 4th Ed., §§529-530-542; *People* v. *Seaman,* 5 Denio 409; *Attorney General* v. *Ely,* 4 Wis. 438; *State* v. *Elwood,* 12 Wis. 551; *State* v. *Goldwaite,* 16 Wis. 152; *State* v. *Steniborn,* 92 Wis. 605; S. C. 66 Northwestern 798; *People* v. *Akin,* 17 Ill. 167; *Beardstown* v. *Virginia,* 76 Ill. 34; *Page* v. *Kuykendall,* 161 Ill. 319; *People* v. *Cicott,* 16 Mich. 282; *People* v. *Saxton,* 22 N. Y. 309; Cooley's Cons. Lim. 7th Ed. 919, 920; Paine on Elec. §549.

Powers, J. At the last annual meeting of the town of Lyndon, the parties to this proceeding were rival candidates for the office of lister for a three year term. As counted and announced, the first ballot resulted in 57 votes for the petitioner, and the same number for all others. A second ballot was taken without a choice, and on the third ballot, the defendant received a majority of all votes cast, and was declared elected.

On the first ballot, in addition to those included in the announcement of the moderator, there were thirteen printed ballots cast, which contained thereon in small type, the words

"For Road Commissioner," below which, in large black letters, was the name "D. E. Easterbrooks."

The only question presented is whether or not these thirteen ballots, or any of them, should have been counted for the petitioner for the office of lister.

The facts above set forth are agreed to; and it is further agreed that the petitioner is to have the benefit of so much, if any, of the depositions of U. S. Grant and Henry Gilman, as is legally admissible to establish the intent with which the thirteen disputed ballots, or some of them, were cast.

So far as the deposition of Gilman is concerned, it may be rejected without special consideration. All that it shows is that he cast one of the thirteen ballots, and that he did so at the call of the moderator for votes for lister. But how he happened to use this kind of a ballot, and what he intended by it are questions left uncertain. Grant's deposition, however, shows that he cast one of the disputed ballots, and inferentially shows that he cast it for the office of lister. He does not directly assert this fact, but we think that it fairly appears from what he does assert that this was his intention.

In determining for what person or office a disputed ballot should be counted, the intention of the voter who cast it is the controlling factor. Cooley Const. Lim. (7th Ed.) 914; *State* v. *Elwood,* 12 Wis. 551; *McKinnon* v. *People,* 40 Ill. 305. This intention is to be gathered from the ballot itself read in the light of the surrounding circumstances of a public character—extrinsic evidence of which is admissible. Cooley, 919; *Gumm* v. *Hubbard,* (Mo.) 11 S. W. 61, 10 Am. St. Rep. 312, and instructive note; *Wimmer* v. *Eaton,* (Ia.) 34 N. W. 170, 2 Am. St. Rep. 250; *Brown* v. *McCollum,* (Ia.) 41 N. W. 197, 14 Am. St. Rep. 228; *Atty. Gen.* v. *Ely,* 4 Wis. 420. But the voter's intention must ultimately be found in the ballot itself, and extrinsic evidence is admissible only in aid of the ballot. Therefore, it cannot be received when the ballot is too defective to express any intention whatever—Cooley, 919, *Page* v. *Kuykendall,* 161 Ill. 319—nor is it admissible to contradict the ballot. *People* v. *Seaman,* 5 Denio 409; *State* v. *Steinborn,* 92 Wis. 605, 66 N. W. 798, 53 Am. St. Rep. 938; *State* v. *Tierney,* 23 Wis. 430; *Beardstown* v. *Virginia,* 76 Ill. 34.

It follows from an application of the rule to the case in hand, that the petitioner is not entitled to any benefit from the depositions, and that the thirteen ballots cannot be counted for him for the office of lister.   To permit it to be shown that they were intended for that office would be to allow a direct contradiction of the plain terms of the ballots as cast.   This ought not to be, and is not allowable.

*Fenton* v. *Scott*, 17 Or. 189, 20 Pac. 95, 11 Am. St. Rep. 801, and *Rutledge* v. *Crawford*, 91 Cal. 526, 27 Pac. 779, 13 L. R. A. 761, 25 Am. St. Rep. 212, are in point, though several offices were there being voted for on the same ticket.

In the first named case, the parties were rival candidates for the office of County Judge.   The disputed ballot was printed as follows:

For Clerk
JOEL WARE.

For Treasurer
J. S. LUCKEY.

For County Judge
RODNEY SCOTT.

When this ballot was cast, the name JOEL WARE had a line drawn through it, and at its right was written the name J. E. FENTON.   The name RODNEY SCOTT also had a line drawn through it, and at its right was written the name L. BILYEU. There was no candidate for the office of clerk by the name of J. E. Fenton, and no candidate for the office of judge by the name of L. Bilyeu.   It was held that the ballot must be counted for Fenton for clerk and not for judge.

In the last named case, the parties were opposing candidates for the office of Judge of the Superior Court.   The disputed ballot, so far as need be shown, was printed as follows:

18.   Judge of the Superior Court, THOMAS RUTLEDGE.
19.   Judge of the Superior Court, J. W. OATES.
20.   State Senator, Tenth District, ROBERT HOWE.

As cast, the ballot showed the name ROBERT HOWE erased, and the name of the respondent written on a line with it.   It was held that the ballot could not be counted for the respondent for

the office of judge, citing *People* v. *Seaman, supra,* and applying the rule above stated.

*Petition dismissed with costs.*