JOSEPH BOYER, Petitioner-Appellee, *v.* KENNETH GEISEN *et al.*, Respondents-Appellants.

Fifth District   No. 78-73

Opinion filed December 13, 1978.

H. Carl Runge, Jr., of Runge and Gumbel, P. C., for appellants Kenneth Geisen and Harlan Pervan.

Callis and Hartman, P. C., of Granite City (David H. Adamson, III, and Lawrence T. Hartman, of counsel), for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

A complaint by Joseph Boyer against Kenneth Geisen, Helen Hawkins, Andrew Besserman, Harlan Pervan, Lee Adams, Jerry Adams and Norman Hessler was filed in the circuit court of Madison County pursuant to section 23—20 of the Election Code (Ill. Rev. Stat. 1977, ch. 46, par. 23—20) contesting the township trustee election for Nameoki Township held on April 5, 1977. All the above mentioned parties were candidates for township trustee. The complaint was filed in the closing minutes of the business day of May 9, exactly 30 days after Lee Adams, Jerry Adams and Norman Hessler were declared winners of the election following an official canvass of the votes, and within the time limits prescribed by section 23—20 with respect to election contests. On July 1 Boyer filed a motion to dismiss his complaint which the trial court allowed. However, on July 28, Geisen, Hawkins, Besserman and Pervan filed a motion to vacate the order dismissing the complaint and moved for leave to file a counterclaim. Both motions were granted and the counterclaim was filed on the same day. The trial court granted these motions because it had dismissed Boyer's complaint while unaware of a

motion for leave to file a counterclaim which had been filed on June 30, prior to Boyer's motion for a voluntary dismissal. Boyer then moved to dismiss the counterclaim on several grounds, one of which was that the trial court lacked subject matter jurisdiction over the counterclaim, because it was not filed within 30 days of the April 9 canvass, thereby rendering the counterclaim untimely for purposes of section 23—20. This motion was allowed and the counterclaim was dismissed on October 17. Geisen and Pervan then filed their notice of appeal contending that the trial court erred in dismissing the counterclaim.

We will direct our attention solely to the issue of whether section 23—20 of the Election Code deprives a trial court of subject matter jurisdiction so as to prevent the court from entertaining a counterclaim contesting an election, where the counterclaim was filed more than 30 days after the declaration of the successful candidates. Because our resolution of this issue is dispositive of this cause, we need not address ourselves to other issues raised by the parties on appeal.

The pertinent language of section 23—20 is as follows:

> "The person desiring to contest such election shall, within thirty (30) days after the person whose election is contested is declared elected, file with the clerk of the proper court a petition, in writing, setting forth the points on which he will contest the election, which petition shall be verified by affidavit in the same manner as complaints in other civil cases may be verified." (Ill. Rev. Stat. 1977, ch. 46, par. 23—20.)

Geisen and Pervan initially argue that the 30-day filing deadline of section 23—20 is a jurisdictional requirement, because the right to contest an election is statutory; they also assert that the section must be strictly construed since it is a statutorily created right. Consequently, they rely on section 1 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 1) in support of the proposition that procedural matters not specifically mentioned in section 23—20 are governed by the Civil Practice Act. Next, they conclude that when section 23—20 is strictly construed, its silence with respect to counterclaims operates to exclude such counterclaims from the scope of its jurisdiction, and therefore, to exclude counterclaims from the stricture of its 30-day filing requirement.

Consistent with this rationale, Geisen and Pervan contend that election contest counterclaims are governed by sections 33 through 38 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, pars. 33—38), and that the counterclaim filed against Boyer met all the statutory requirements of these sections. They conclude that since election counterclaims are not governed by section 23—20, the 30-day period is no longer a jurisdictional requirement, but becomes, instead, a limitation period. This conclusion allows them to justify the July 28 filing, which occurred 110

days after the April 9 canvass. This justification comes from section 17 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 18) which provides:

> "A defendant may plead a set-off or counter claim barred by the statute of limitation, while held and owned by him, to any action, the cause of which was owned by the plaintiff or person under whom he claims, before such set-off or counter claim was so barred, and not otherwise * * * ."

Accordingly, they maintain that since Boyer's complaint was filed within the 30-day period, section 17 would save the counterclaim from being barred by the statute of limitations despite its being filed after the 30-day period. Therefore, based on their contentions that election contest counterclaims do not fall within the jurisdictional purview of section 23—20 and that the 30-day filing deadline was a limitational device, Geisen and Pervan assert that the trial court erred in dismissing their complaint. We cannot agree with either contention and affirm the result achieved by the trial court.

■■ ■ As Geisen and Pervan have correctly noted in their brief, the legislative drafters of section 23—20 were cognizant of the important public interest in putting successful candidates for public office on notice of election challenges within a short period of the election so that they could proceed with the duties of their office without being plagued by challenges throughout their term. The legislative intent to promote this public interest is manifested by the insertion of the 30-day filing deadline into the section. It would be inconsistent with this legislative intent to require that a complaint be filed within 30 days, while allowing a counterclaim to be filed after the 30 days. In the case at bar the counterclaim was filed 110 days after the official declaration of the winning candidates (or 82 days had the trial court noticed the motions made on June 30). When this legislative intent is applied to the operative language of section 23—20, "file with the clerk of the proper court a petition, in writing, setting forth the point on which he will contest the election * * * ," it is apparent that the words, "a petition, in writing," embrace both complaints and counterclaims which challenge an election. Thus, subject matter jurisdiction with respect to election contest counterclaims is controlled by section 23—20 and not by the Civil Practice Act as Geisen and Pervan have asserted.

Geisen and Pervan have also correctly noted in their brief that the 30-day filing deadline is a jurisdictional requirement. (*Whitley v. Frazier* (1961), 21 Ill. 2d 292, 171 N.E.2d 644.) However, they attempt to characterize this 30-day period as a limitational requirement, rather than jurisdictional, where counterclaims are concerned, on the basis of their earlier contention that counterclaims are not within the jurisdictional scope of section 23—20; and they attempt to justify the untimely filing of the counterclaim by relying on section 17 of the Limitations Act. Both

attempts are doomed to failure, because counterclaims fall within the jurisdiction of section 23—20 for the reasons stated above. Therefore, the jurisdictional requirement of 30 days cannot be circumvented by reliance upon a statute pertaining to limitations.

*Wilson v. Tromly* (1949), 404 Ill. 307, 89 N.E.2d 22, is a case closely on point with our discussion here. In *Wilson*, a wrongful death action stemming from an automobile accident was brought against the administrator of the defendant's estate under sections 1 and 2 of the Wrongful Death Act (Ill. Rev. Stat. 1947, ch. 70, pars. 1 and 2). The administrator then filed a counterclaim against the administrator of the plaintiff's estate under the same Act but more than one year after the accident. The trial court dismissed the counterclaim on the basis of lack of subject matter jurisdiction. The Wrongful Death Act contained a provision that required the filing of any claim under the Act to be made within one year of death. The defendant administrator argued that the one-year filing deadline was a limitational requirement, and that the failure to file within one year was cured by other sections of the Limitations Act. The supreme court held that since the right to sue for wrongful death was a statutory creation, the Wrongful Death Act was *sui generis* and, hence, independent of the Limitations Act. The court noted that the one year deadline acted to limit liability and not the remedy; therefore, the court construed the one year filing deadline as a jurisdictional requirement, and affirmed the trial court's dismissal of the counterclaim.

■■ ■ In the instant case, the right to contest an election is a statutory creation. The purpose of the 30-day filing deadline is to limit challenges as to the tenure of a successful candidate by confining those challenges to a specific time period, rather than limiting the remedy available to the candidate contesting the election. Thus, the 30-day period becomes a jurisdictional condition precedent to an election contest, and is independent of the Limitations Act. We would observe, too, that appellants need not have waited to become counterclaimants; they could have, and should have, filed their own petitions to contest election within the 30-day period.

■■ For the foregoing reasons, we hold that a trial court has subject matter jurisdiction over an election contest counterclaim only if the counterclaim has been duly filed within 30 days of the announcement of the winning candidate to the office at issue. Accordingly, we affirm the trial court's dismissal of the counterclaim in this cause.

Affirmed.

KARNS and KUNCE, JJ., concur.