KARL F. NAGEL, Petitioner-Appellee, v. LINDA C. KINDY, Respondent-Appellant (Barry MacLean *et al.*, Respondents).

Second District   No. 2—91—1001

Opinion filed April 27, 1992.

Edward J. FitzSimons, of Chicago, and Charles W. Smith, of Rosing, Applehans & Smith, Ltd., of Waukegan, for appellant.

Van J. Herrero, Assistant State's Attorney, of Waukegan, and Joseph E. Doyle, Jeanine M. Jiganti, and Robert L. Byman, all of Jenner & Block, of Chicago, for appellees.

JUSTICE BOWMAN delivered the opinion of the court:

Respondent, Linda C. Kindy (Kindy), appeals from an order of the circuit court of Lake County which directed the Lake County clerk to certify petitioner, Karl F. Nagel (Nagel), as the winner of the election for the office of trustee for the Village of Mettawa (Village) for a term of four years. The sole issue raised on appeal is whether the circuit court correctly found invalid seven write-in ballots which were allegedly cast for Kindy.

An election was held on April 2, 1991, for the office of trustee of the Village of Mettawa. Three full four-year terms and one unexpired two-year term were to be filled. The printed ballot listed three candidates, Raymond G. Jordan, Barry L. MacLean and Karl F. Nagel, for the three-four-year terms. Raymond W. Welch was the only candidate listed for the unexpired two-year term.

A write-in campaign for the office of Village trustee was pursued by Ronald A. Pink (Pink) and Kindy. On March 8, 1991, Kindy filed a declaration of intent to be a write-in candidate, declaring her intention to be a candidate for the office of trustee for a full four-year

term. Kindy was included on a list of declared write-in candidates which was sent to all election judges. This list stated that Kindy was a valid write-in candidate for the four-year Village trustee position and that Pink was a valid write-in candidate for the two-year Village trustee position. No other valid write-in candidates for these positions were listed.

Following the election, 71 write-in ballots were found valid and were counted for Kindy. Seventy votes were counted for Nagel. Kindy therefore won one of the four-year terms. Jordan and MacLean were the winners of the other two four-year terms, and Pink won the unexpired two-year term.

On April 26, 1991, Nagel filed a petition contesting the election for Village trustee. Kindy, MacLean, Jordan, Pink and the county clerk of Lake County, Linda Ianuzi Hess, were all named as respondents in the petition. Only Kindy, however, is a party to this appeal. Nagel alleged that seven of the write-in ballots counted for Kindy in precincts 216 and 159 were defective and void. He requested a recount of the votes cast in precincts 216 and 159 and an order declaring him the winner of the election.

Kindy filed a response to the petition on May 23, 1991, in which she denied that the challenged write-in ballots were defective and void. On June 24, 1991, Nagel filed an amended petition stating that a typographical error was made and that references to precinct 216 should have been references to precinct 219. He also amended the petition to allege that eight write-in ballots counted for Kindy in precincts 219, 159 and 160 were defective and void.

Kindy filed a response to the amended petition. She alleged in her response that four write-in ballots found invalid by the election judges were improperly invalidated as each of the ballots expressed the voter's clear intention to vote for Kindy. Kindy attached an "alternative cross complaint" (counterpetition) to her response. The counterpetition listed the four ballots that had been found invalid by the election judges but which she alleged should have been counted for her.

On July 8, 1991, a hearing was held regarding Nagel's petition and Kindy's counterpetition. Write-in ballots cast in the election and other exhibits were admitted into evidence. Kindy testified regarding her intensive campaign as a write-in candidate for a full four-year term as Village trustee. Memoranda of law were filed by the parties. Also, on July 8, 1991, Nagel filed a petition to strike Kindy's counterpetition, arguing that the counterpetition was time barred and that Kindy had made a judicial admission in her first response that she had, at most, 71 votes.

On July 9, 1991, the court entered an order striking Kindy's counterpetition as time barred. The court later issued a memorandum order on August 12, 1991. The court found that, of the eight write-in ballots challenged by Nagel, four were legally valid and four were legally defective and void. The court also found that the four ballots which Kindy claimed should have been counted were properly invalidated as legally defective. The court thus found that 70 valid votes were cast for Nagel and 67 valid votes were cast for Kindy. The order stated that "the County Clerk of the County of Lake is directed to certify Karl F. Nagel as the winner of the Election for Trustee in and for the Village of Mettawa, Lake County, Illinois, for a term of four (4) years and to issue to Karl F. Nagel a Certificate of Election to said Office."

Both Pink and Kindy filed post-trial motions. A memorandum of law was filed in support of the motions, and a hearing was held on August 16, 1991. In response to argument by Kindy's counsel and Pink's counsel that the eight ballots found invalid should have been counted for Kindy because the office Kindy was seeking was stated on her declaration of intent, the court noted that "the declaration of intention does not convey the intent of the voter. It merely conveys the intent of the candidate." The trial judge specifically stated that, although he had ruled on the counterpetition, he did consider the four ballots listed in Kindy's counterpetition. The court then denied the post-trial motions. This timely appeal followed.

Kindy argues on appeal that the trial court's ruling should be reversed. She contends that the court erred in finding invalid three of the four ballots which were found valid and were counted for her by the election judges and in finding invalid the four ballots challenged in her counterpetition. Seven write-in ballots are therefore in issue in this appeal. Kindy raises various arguments regarding the validity of the ballots. We will consider each argument in our discussion of the ballots in issue.

■ As a preliminary matter, we must address Nagel's contention that the four ballots found invalid by the election judges and challenged in Kindy's counterpetition should not be considered in this appeal. Nagel notes that Kindy's counterpetition was filed more than 30 days after the election and that the trial court ruled that the counterpetition was time barred. Nagel asserts that this ruling was proper because section 23—20 of the Election Code (Code) provides that all election contests must be filed within 30 days of the date of the declaration of the winner of the election. (Ill. Rev. Stat. 1989, ch. 46, par.

23—20.) Citing *Boyer v. Geisen* (1978), 66 Ill. App. 3d 1044, Nagel contends that the 30-day limit applies to counterclaims as well.

*Boyer* is distinguishable, however, for a very obvious reason. In *Boyer*, there were eight candidates for three open township trustee positions. Within 30 days after three of the candidates were declared winners of the election, one of the unsuccessful candidates filed a complaint to contest the election. He later filed a motion to dismiss voluntarily his complaint which was allowed by the trial court. (*Boyer*, 66 Ill. App. 3d at 1045.) Subsequently, the four other unsuccessful candidates filed a motion to vacate the dismissal order and a motion for leave to file a counterclaim. The trial court allowed the motions but later dismissed the counterclaim as untimely. (*Boyer*, 66 Ill. App. 3d at 1045-46.) The appellate court agreed that the counterclaim was not timely as it was not filed within the time specified in section 23—20 of the Code. *Boyer*, 66 Ill. App. 3d at 1048.

The obvious difference between *Boyer* and this cause is that there is no dispute that Kindy was declared the winner of the election. Unlike the unsuccessful candidates in *Boyer*, she had no reason to contest the election within 30 days. We note that in *Pullen v. Mulligan* (1990), 138 Ill. 2d 21, the court considered the counterclaim filed by Mulligan, the declared winner of the primary election, in response to the timely petition of election contest filed by her opponent. (See *Pullen*, 138 Ill. 2d at 31.) Nagel has not raised on appeal any other basis for disregarding the four ballots listed in Kindy's counterpetition. We therefore consider as properly before us the question of the validity of these ballots.

Some general statements of the law recently set out by our supreme court in *Pullen* will be helpful to our determination of this cause. The court in *Pullen* stated:

> "The purpose of our election laws is to obtain a correct expression of the intent of the voters. Our courts have repeatedly held that, where the intention of the voter can be ascertained with reasonable certainty from his ballot, that intention will be given effect even though the ballot is not strictly in conformity with the law." (*Pullen*, 138 Ill. 2d at 79.)

In an election contest, therefore, a trial court should attempt to ascertain the intention of the voter (see *Pullen*, 138 Ill. 2d at 86; *Fitzpatrick v. Carr* (1991), 220 Ill. App. 3d 79, 84) and "should not, under the appearance of enforcing the election laws, defeat the very object which those laws are intended to achieve" (*Pullen*, 138 Ill. 2d at 80).

We now turn to a consideration of the seven ballots Kindy claims should have been counted for her. We will consider similar ballots to-

gether. The ballots used in this election consisted of a small cardboard sheet numbered 1 through 228 which could be punched to vote for candidates listed on the printed ballot. Attached to this sheet was another cardboard sheet of the same size which stated at the top "THIS SPACE IS FOR WRITE-IN VOTES." Seven of these "write-in" ballots which have been detached from the other portion of the ballot are at issue in this cause. The ballot numbers referred to consist of the precinct number and an identifying number placed on each write-in ballot by the election judges. Ballot No. 160—73 and ballot No. 160—75 both state:

"(X) Ronald A. Pink
(X) Linda C. Kindy"
Ballot No. 219—261 states:
"Village of Mettawa
Trustee
(X) Ronald A. Pink
Village of Mettawa
Trustee
(X) Linda C. Kindy"

Kindy argues that these three ballots should have been counted for her based upon her interpretation of two sections of the Code. Section 17—11 provides that a voter "shall prepare his ballot by making in the appropriate margin or place a cross (X) opposite the name of the candidate of his choice for each office to be filled, or by writing in the name of the candidate of his choice in a blank space on said ticket, making a cross (X) opposite thereto." (Ill. Rev. Stat. 1989, ch. 46, par. 17—11.) Section 17—16.1 of the Code was amended, effective January 1, 1986, to provide that write-in votes shall be counted only for a person who has filed a timely, notarized declaration of intent to be a write-in candidate which specifies "the office for which the person seeks election." (Ill. Rev. Stat. 1989, ch. 46, par. 17—16.1.) Kindy contends that, based upon the Code, there are only three mandatory requirements for a valid write-in vote: "(1) the name, (2) the 'X', and (3) since 1986 a valid Declaration of Intent."

Kindy does acknowledge that the supreme court addressed a very similar situation in *Page v. Kuykendall* (1896), 161 Ill. 319. In *Page*, an election was held for the purpose of electing two school directors, one for a full three-year term and one for a one-year term to fill a vacancy. (*Page*, 161 Ill. at 320.) The court found that 31 ballots which just listed the names of two write-in candidates were not valid. The court determined that the ballot had to state which of the two persons the elector intended to vote for for the long term and which for

the short term. (*Page*, 161 Ill. at 323.) The court stated that "when the ballot wholly fails to express the choice it is void and cannot be counted." *Page*, 161 Ill. at 323.

Kindy has pointed out that the language of the statute at issue in *Page* was different from that of the statute at issue here. The statute in effect when *Page* was decided specially required a designation of the office on the ballot whether the name was written in or printed. (*Page*, 161 Ill. at 323-24.) That portion of section 17—11 of the Code regarding write-in ballots, however, refers only to the name of the candidate and a cross (X). The supreme court in *Gulino v. Cerny* (1958), 13 Ill. 2d 244, nevertheless cited the language of section 17—11 of the Code and stated:

> "Where the name of the candidate is written in on the ballot, the title of the office must be clearly designated, if there is more than one office on the ballot." (*Gulino*, 13 Ill. 2d at 247, citing *Page*, 161 Ill. 319, and *Kreitz v. Behrensmeyer* (1888), 125 Ill. 141, 192.)

Therefore, the court in *Gulino* recognized that, under the current statute, a write-in ballot must include a designation of the office or term voted for in order to be valid if more than one office or term is on the ballot.

The court in *Gulino*, however, determined that certain write-in ballots should have been counted. On those ballots, the name of the write-in candidate was written in on a printed line to the right of, and directly opposite and across from, the name of the candidate for the office which was printed on the ballot. (*Gulino*, 13 Ill. 2d at 247.) The court concluded that the office voted for could therefore be ascertained from the ballot. *Gulino*, 13 Ill. 2d at 247.

■ It cannot, however, be ascertained from the three ballots under discussion here whether the voters intended to vote for Kindy for the two-year term or for a four-year term. Kindy argues, however, that the 1986 amendment to section 17—16.1 which required the filing of a declaration of intent eliminated the requirement that voters designate the office or term voted for on the ballot. She contends that the intention of the voters to vote for her for the four-year term can be ascertained from the declaration of intent she filed.

We cannot agree that the statute relied upon has changed the requirement that the office or term voted for must be indicated, in some way, on the write-in ballot. We agree with the trial court that it is the intention of the voter which must be ascertained, not the intention of the candidate. The law is clear that, while the circum-

stances attending an election may be considered in ascertaining a voter's intention, that intention must be ascertained from his or her ballot. (*Gulino*, 13 Ill. 2d at 247; see also *Pullen*, 138 Ill. 2d at 79.) We also find persuasive Nagel's argument that the amendment of section 17—16.1 of the Code has merely added another requirement for a write-in candidate and was not intended to eliminate any previous requirements. Therefore, ballot No. 160—73, ballot No. 160—75 and ballot No. 219—261 were properly found invalid by the trial court.

We next consider ballot No. 159—154. This ballot states:

"Village of Mettawa
    Trustee
2 year Unexpired Term
(X) Ronald A. Pink
Village of Mettawa
    Trustee
Full 2 year Term
(X) Linda C. Kindy"

Kindy argues that this ballot should have been counted because the voter's intention to vote for her for a full term as trustee is apparent from the ballot. She contends that the voter's mistake regarding the length of a full term should not cause the ballot to be considered invalid. Citing *Gulino* (13 Ill. 2d at 248), she further asserts that a voter should not be deprived of his right to vote through inadvertence, mistake or ignorance where an honest intention may be ascertained from the ballot.

We agree. The voter's intention to vote for Kindy for one of the full terms available is apparent from the ballot. This vote should have been counted for Kindy.

The final three ballots in issue are ballot No. 159—122, ballot No. 159—124 and ballot No. 219—260. Ballot No. 159—122 states:

"FOR TRUSTEE
    4 Year Term
    (X) Kindy
    (X) Pink"

Ballot No. 159—124 states:

"Village of Mettawa
Trustee
4 Year Term
    (X) Pink
    (X) Kindy"

And, ballot No. 219—260 states:
"(X) Ronald A. Pink
(X) Linda C. Kindy
Village/Mettawa
Trustees
Full 4 years"
The word "invalid" was written across Pink's name by an election judge on this ballot.

Kindy argues that these three ballots should have been counted because they clearly indicate the voters' intention to vote for Kindy for the full four-year term. She contends that, even if the ballots are invalid votes for Pink, they are valid votes for her. She further notes that, even if the voter had intended to vote for both Pink and Kindy for full terms, three full four-year terms were available. Therefore, these ballots did not create an invalid overvote.

Citing *Smith v. Reid* (1906), 223 Ill. 493, Nagel contends that these ballots are invalid because, when a voter votes for more than one candidate for one position, the votes cannot be counted for either. In *Smith*, however, a ballot was found invalid where the voter voted for two candidates for one available position. (*Smith*, 223 Ill. at 496.) Nagel nevertheless contends that these ballots created an overvote because the voters also cast votes for MacLean and Jordan for the four-year position. He concedes that it is "difficult to discern" this fact from the record. In fact, as the ballots in question are not attached to the "punch" portion of the ballot, it is impossible to discern from the record whether these voters cast other votes for the four-year term positions.

■ Therefore, as the voters' intention to vote for Kindy for one of the available four-year terms as trustee can be ascertained from these three ballots, and, as the record does not show that an overvote occurred, the three ballots should have been counted for Kindy.

■ We have determined that four of the write-in ballots at issue in this appeal should have been counted for Kindy. Kindy therefore received 71 votes for the office of Village trustee. As Nagel received 70 votes, Kindy was the winner of the election. Accordingly, we reverse the judgment of the trial court regarding four of the write-in ballots and remand this cause with instructions to the trial court to declare Kindy elected as trustee of the Village of Mettawa for a full four-year term and to order the cancellation of Nagel's certificate of election.

Reversed and remanded with directions.

DUNN and UNVERZAGT, JJ., concur.