[S. F. No. 9531. In Bank.—July 6, 1920.]

## GEORGE A. STURTEVANT, Petitioner, v. FRANK C. JORDAN, Secretary, etc., Respondent.

[1] ELECTIONS—CANDIDATES FOR ASSOCIATE JUSTICES OF NEW DIVISIONS OF DISTRICT COURTS OF APPEAL — MANNER OF DESIGNATION ON PRIMARY ELECTION BALLOT. — The well-settled rule and practice in this state with regard to the nomination and election of persons to public office where more than one person is to be selected for the same office that the ballot should be in such form as to show the office as a single office with all candidates for the office appearing as candidates for that office, is applicable to the first election of associate justices of the new divisions of the district court of appeals created by the amendment of section 4 of article VI of the constitution in 1918.

[2] ID.—ELECTION OF ASSOCIATE JUSTICES OF NEW DIVISIONS OF DISTRICT COURTS OF APPEAL—CONSTRUCTION OF CONSTITUTION.—Taking section 4, article VI, of the constitution as a whole, fairly construed it means that at the general election of 1920, selection must be made to fill all of the new judgeships precisely as if no appointment by the Governor had been provided for or made, the term of office of the persons selected to commence on the first day of January next succeeding the election, and to continue, as

determined by lot, four, eight, and twelve years therefrom, while the appointees of the Governor are to hold until the commencement of the term of the judges so elected.

APPLICATION for a Writ of Mandamus to compel designation on primary election ballot of associate justiceships as single office. Granted.

The facts are stated in the opinion of the court.

Andrew F. Burke for Petitioner.

U. S. Webb, Attorney-General, and Robert W. Harrison, Deputy Attorney-General, for Respondent.

THE COURT.—The question involved in this proceeding for a writ of mandate was whether in the matter of the primary election to be held August 31, 1920, for the two associate justices of division two of the district court of appeal of the first appellate district, the ballot should be in such form as to show each associate justiceship as a separate and distinct office, each distinguished from the other by giving the name of the present incumbent by appointment, and to be voted upon separately; or in such form as to show the office of associate justice as a single office for which two persons are to be selected, with all candidates for the office appearing as candidates for *that office,* and not *specially* for either of the two positions to be filled at the election. **[1]** Owing to the necessity for a prompt decision, an oral decision was rendered from the bench at the close of the argument, sustaining the view last stated, viz., that the ballot for the purposes of nomination and election should show the office of associate justice of division two of the district court of appeal of the first appellate district as a *single office,* for which two persons are to be selected, with all candidates for the office appearing as candidates for that *office,* and not *specially* for *either* of the two associate justiceships to be filled at the election. A peremptory writ of mandate in accord with the prayer of the petition was thereupon ordered issued. This opinion is filed in order that the views of the court on the question may be of record.

The conclusion of the court is in accord with the well-settled rule and practice in this state with regard to the nomination and election of persons to public office where

more than one person is to be selected for the same office, such as associate justice of the supreme court, judge of the superior court of counties having more than one such judge, etc., except in the matter of selection of some one to fill an unexpired term by reason of vacancy. The claim of respondent is that the situation here is different by reason of the language of a provision of section 4, article VI, of the constitution with relation to the first election for associate justices of the new divisions of the district courts of appeal of the first and second appellate districts created by amendment of that section in 1918. By that provision it was decreed that upon the adoption of the amendment "the Governor shall appoint six persons to serve as justices of the district courts of appeal—three as justices of division two of the first appellate district, and three as justices of division two of the second appellate district—from and after their qualification and until the next general election and qualification of their successors." It was further provided therein that the justices so elected in each division shall so classify themselves by lot that one shall go out of office at the end of four years, one at the end of eight years, and one at the end of twelve years. Another provision of the section is substantially to the effect that one of these justices in each division shall be the presiding justice thereof "and as such shall be appointed or elected, as the case may be," which explains why only two persons are to be selected as associate justices. Another provision of the section is that "the justices of the district courts of appeal shall be elected by the qualified electors within their respective districts at the general state election, and the term of office of said justices shall be twelve years from and after the first day of January next succeeding their election." **[2]** Taking the section as a whole, it seems to us that fairly construed it means that at the general election of 1920 selection must be made to fill all of these new judgeships precisely as if no appointment by the Governor had been provided for or made, the term of office of the persons selected to commence as provided in the general provision quoted above, on the first day of January next succeeding the election, and to continue, as determined by lot, four, eight, and twelve years therefrom, while the appointees of the Governor are to hold until the commencement of the term of the judges so elected. If this be the

proper construction, as we think is true, the general rule to which we have referred is clearly applicable.

It should be noted that there is a plain distinction between the situation presented by this case, and the situation where a vacancy in judicial office occurs and is filled by appointment to hold until the next general election, when the vacancy must be filled by the election of a justice or judge who shall hold the office "for the remainder of the unexpired term." In such a case, for all the purposes of election, every unexpired term is a separate and distinct office, to be separately designated on the ballot.

In view of our conclusion on the question presented, the prayer of the petition for a peremptory writ of mandate was granted.

Angellotti, C. J., Shaw, J., Lawlor, J., and Lennon, J., being all the Justices who heard the argument, concurred. Olney, J., and Sloane, J., deeming themselves disqualified, did not participate.