[S. F. No. 10621. In Bank.—April 3, 1923.]

JOHN S. RIDDLE et al., Petitioners, v. JOHN W. HILL-HOUSE, as City Clerk, etc., Respondent.

[1] ELECTION LAW — RECALL ELECTION — CITY TRUSTEES — SEPARATE OFFICES—NOMINATING PETITION.—Under the statute for the recall of elective officers of incorporated cities and towns (Stats. 1911, Extra Sess., p. 128), each officer sought to be recalled is considered as holding an office independent of any other person who may also be sought to be recalled at the same election, and it is this office which is to be filled by the successful candidate, in the event the incumbent is recalled; and it is essential to the nominating petition and to the preparation of the ballot on the recall election of city trustees that each nominee should designate the particular trustee that he expects to succeed in the event of the recall of the incumbent.

APPLICATION for a Writ of Mandate to compel the City Clerk to place names on ballot. Writ denied.

The facts are stated in the opinion of the court.

W. F. Cowan and A. W. Hollingsworth for Petitioners.

F. W. McConnell for Respondent.

WILBUR, C. J.—The petitioners pray for a writ of *mandamus* to compel the respondent, city clerk of the city of Healdsburg, to place their names upon the ballot to be printed for a recall election to be held on April 12th next.

The recall election is directed to the recall of all the incumbent city trustees, two of whom are filling terms which expire in 1926 and three of whom are filling terms which expire in 1924. The petitioners filed nominating petitions under section 1188 of the Political Code, by which three of the petitioners were nominated for terms expiring in 1924 and two for terms expiring in 1926, but there was no designation in the petition of the particular individual which each nominee sought to succeed. The respondent contends that it was essential to the nominating petition and

---

1. Form of ballot for recall of plural officers, note, **Ann. Cas.** 1916D, 208.

to the preparation of the ballot that each nominee should designate the particular trustee that he expected to succeed in the event of the recall of the incumbent.

The question arises under a statute enacted at the extra session in 1912 (Stats. 1911, Extra Sess., p. 128) for the recall of elective officers of incorporated cities and towns.

[1]  We think it clear that the position of the respondent must be sustained, for it clearly appears from the statute that each officer sought to be recalled is considered as holding an office independent of any other person who may also be sought to be recalled at the same election, and that it is this office that is to be filled by the successful candidate in the event that the incumbent is recalled.  This is clearly manifest from the following quotation from section 1 of the act providing for the recall:

"There shall be printed on the recall ballot, as to every officer whose recall is to be voted on thereat, the following question: 'Shall (name of person against whom the recall petition is filed) be recalled from the office (title of the office) ?' following which question shall be the words 'Yes' and 'No' on separate lines, with a blank space at the right of each, in which the voter shall indicate by stamping a cross (X) his vote for or against such recall.   On such ballots, under each such question, there shall also be printed the names of those persons who have been nominated as candidates to succeed the person recalled, in case he shall be removed from office by said recall election; but no votes shall be counted for any candidate for said office unless the voter also voted on said question of the recall of the person sought to be recalled from said office.  The name of the person against whom the petition is filed shall not appear on the ballot as a candidate for the office.  If a majority of those voting on said question of the recall of any incumbent from office shall vote 'No,' said incumbent shall continue in said office. If a majority shall vote 'Yes,' said incumbent shall thereupon be deemed removed from such office, upon the qualification of his successor.   The canvassers shall canvass all votes for candidates for said office and declare the result in like manner as in a general election.  If the vote at any such recall election shall recall the officer, then the candidate who has received the highest number of votes for the office shall

be thereby declared elected for the remainder of the term . . .''

The question here involved has not been heretofore decided by this court. In the case of *Wilson* v. *Blake*, 169 Cal. 449 [Ann. Cas. 1916D, 205, 147 Pac. 129], a recall election was had involving two commissioners serving for different terms. It was held that the ballot should indicate for which term each candidate was a nominee. In *Sturtevant* v. *Jordan*, 183 Cal. 292 [191 Pac. 365], where two associate justices of division two of the district court of appeal were to be elected, it was held that the ballot should be so printed ''that the ballot for the purposes of nomination and election should show the office of associate justice of division two of the district court of appeal of the first appellate district as a *single office,* for which two persons are to be selected, with all candidates for the office appearing as candidates for that *office,* and not *specially* for *either* of the two associate justiceships to be filled at the election. . . . '' But it was also stated: ''It should be noted that there is a plain distinction between the situation presented by this case, and the situation where a vacancy in judicial office occurs and is filled by appointment to hold until the next general election, when the vacancy must be filled by the election of a justice or judge who shall hold the office 'for the remainder of the unexpired term.' In such a case, for all the purposes of election, every unexpired term is a separate and distinct office, to be separately designated on the ballot.''

This latter observation would point to the conclusion that where a nominee for office seeks an election for the unexpired term rendered vacant by recall of an incumbent that he is a candidate for that particular office. However that may be, we are satisfied from the language of the act of the legislature providing for recall that the nominating petition must indicate the office sought to be filled.

Writ denied.

Lawlor, J., Kerrigan, J., Seawell, J., Lennon, J., and Myers, J., concurred.